WILLIAM B. BRIGGS, by Guardian, Respondent, *v.* PETER D. CARROLL, Appellant.

The will of B. gave to his wife a legacy of $2,500 to be accepted by her in lieu of dower; to his son C. $1,500, to be used for his education, and $500 to plaintiff, his grandson. His residuary estate the testator gave to his four children. At the time of the execution of the will all of the testator's personal estate did not exceed $1,500 in value. He was, at that time, substantially out of debt. He subsequently purchased real estate, using $700 of his personal estate in making payment thereon. He did not thereafter increase, but, on the contrary, steadily depleted his personalty, and, at the time of his death, it was insufficient to pay his debts. *Held*, that plaintiff's legacy was a charge upon the realty, as the facts disclosed such to have been the intent of the testator.

*It seems* the fact that a residuary clause in a will blends and disposes of both real and personal estate will not produce a charge upon the realty for the payment of legacies whenever the personal estate proves insufficient; the deficiency must exist when the will is executed, and be so great

Statement of case.

and obvious as to preclude any possible inference that the testator did not realize it, or that he may have intended, before his death, to make up the deficiency. ·

Reported below, 50 Hun, 586.

. (Submitted October 18, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday in October, 1888, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as a legatee under the will of William B. Best, deceased, to have his legacy charged upon the real estate.

The material facts are sufficiently stated in the opinion.

*M. A. Leary* for appellant. The legacy to plaintiff is not a charge upon the real estate. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Myers* v. *Eddy*, 47 Barb. 263; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Babcock* v. *Stoddard*, 3 T. & C. 207; *Spillane* v. *Duryea*, 51 How. 260; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Harris* v. *Fly*, 7 Paige, 421; *Kinnier* v. *Rogers*, 42 id. 531; *Wiltsie* v. *Shaw*, 100 id. 191; *Le Fevre* v. *Tool*, 84 id. 95; *Taylor* v. *Dodd*, 58 id. 335; *Kalbfleish* v. *Kalbfleish*, 67 id. 354.) There must be clear evidence of an intention to charge the realty. (*Scott* v. *Stebbins*, 91 N. Y. 612.) Extrinsic circumstances do not tend to show an intention on the part of the testator to charge the land, and upon them alone the plaintiff must rely in this case. (*Brill* v. *Wright*, 112 N. Y. 133.) In cases of latent ambiguity only, the circumstances under which the will was made may be resorted to for the purpose of aiding in ascertaining, but such circumstances are to be connected with the express and positive words of the devise. (*Myers* v. *Eddy*, 47 Barb. 263; *Kinnier* v. *Rogers*, 42 N. Y. 531; *Taylor* v. *Dodd*, 58 id. 335; *Bevan* v. *Cooper*, 72 id. 317.)

*Charles S. Baker* for respondent. When there is a con-currence of the facts existing in this case, lack of personal estate to pay debts and legacies, blending of real and personal estate to pay, disposing of the residue, the legacy is a charge on the land. (*McCorn* v. *McCorn,* 100 N. Y. 511–514; *Tracy* v. *Tracy,* 15 Barb. 503; *Forster* v. *Civill,* 20 Hun, 282; *Lewis* v. *Darling,* 16 How. [U. S.] 1, 10; *Brill* v. *Wright,* 112 N. Y. 129, 168; *Stoddard* v. *Pomeroy,* 36 id. 546; *Struthers* v. *Johnson,* 38 id. 80; *R. C. G. Church* v. *Wachter,* 42 id. 43; *Taylor* v. *Dodd,* 58 id. 335; *Le Fevre* v. *Toole,* 84 id. 95; *Hoyt* v. *Hoyt,* 85 id. 142; *Scott* v. *Steb-bins,* 91 id. 605; *Ragan* v. *Allen,* 7 Hun, 537; *Hull* v. *Thompson,* 23 id. 338; *Thorp* v. *Munro,* 47 id. 246; *Matter of Petitt,* 13 N. Y. S. R. 184; *Adkins* v. *Adkins,* Id. 193.) This residuary clause alone, in the courts of the United States, Great Britian and most of the states of the Union, would charge the real estate with the payment of the legacies. (*Lewis* v. *Darling,* 16 How. [U. S.] 1, 10; *Forster* v. *Civill,* 20 Hun, 282; *Brill* v. *Wright,* 112 N. Y. 129, 168.)

FINCH, J. The testator by his will gave to his wife a legacy of $2,500 to be accepted by her in lieu of dower; to his son Charles $1,500, "to be held and used by his mother as necessity might require for his education;" and to his grand-son, the plaintiff, $500. He directed these legacies to be paid within one year after his death. Their bequest was followed by a residuary clause which reads thus: " I give and devise all the rest, residue and remainder of my real and personal estate, goods and chattels, of what nature and kind soever, to my four children, viz.: Kate L., C. J., Sarah, and the above named Charles W., to be divided equally between them, or their heirs and assigns, share and share alike." The will was executed about eight years before the testator's death. At that time he had no money or securities, but his whole personal estate consisted of the usual farm property, such as stock and grain, and was in value no greater than it proved to be at the time of his death.

It appeared that such value was not in excess of $1,500. At the date of the execution of the will he seems to have been substantially free from debt, but thereafter gradually accumulated liabilities which at his decease his personal estate was insufficient to pay. The widow and son took their legacies in the land by the process of buying in the interests of the other children. The debts were paid, which more than exhausted the personal estate, and the widow, who finally bought out Charles and became sole owner of the land, promised to pay the plaintiff's legacy, but has been unable to do so. She mortgaged the property, and it has been sold on foreclosure to the defendant who bought with notice of the plaintiff's claim against the land.

On this state of facts the courts below have held that plaintiff's legacy was a charge upon the realty, and the defendant appeals from that decision.

In *Brill* v. *Wright* (112 N. Y. 129) the rule prevailing in this state is held to be that a residuary clause coming after a bequest of legacies, and disposing of both the real and personal estate together and by one form of expression, will not alone justify a construction that the legacies are charged upon the land, but will do so where it appears in addition, from such extrinsic facts as may be resorted to, that there was, in truth, an intention to charge the debts upon the land; and we have inferred that intention where the personal estate of the testator was, at the date of the will, largely and clearly insufficient for the payment of the legacies given, and the testator must have known and understood that they could not be paid except by the aid of the real estate. That was the doctrine of *McCorn* v. *McCorn* (100 N. Y. 511), the facts in which case, it must be admitted, were stronger than in this.

Nevertheless, we are of opinion that the courts below were right in their disposition of the case. Here were legacies of $4,500 with but $1,500 worth of personal property out of which to pay them. One of these was in lieu of the wife's dower, and another for the education of the son Charles. The declared purpose of each gift leads strongly to an inference

that the testator did not suppose that they would, or mean that they should, abate, and be largely reduced. Very soon after the execution of the will we find him buying more land and using $700 of his personal estate in making the first payment. And during the remainder of his life he not only steadily failed to increase his personal estate, but continuously depleted it as a source of payment of the legacies by a persistent accumulation of debt, which in the end more than absorbed the whole personal assets. The testator must have realized the situation. He could not have been deceived or mistaken; and so we are shut up between two alternatives. Either he intended to sacrifice the comfort and welfare of his wife and son Charles for the benefit of his older and married children, and deliberately continued to make their situation worse by putting personal estate into land and incurring debts, or he supposed that their legacies would rest upon his real estate. I think we are justified in holding that the latter was his understanding of the will. We are very far from saying that a residuary clause, blending in its form of disposition both real and personal estate, will produce a charge upon the former for the payment of legacies wherever the personal estate proves insufficient. No such doctrine can be justified. The deficiency must exist when the will is executed, and be so great and so obvious as to preclude any possible inference that the testator did not realize it, or that he may have expected and intended before his death to remove the difficulty.

If the disparity, even though serious, is such that the testator might have been unconscious of its existence; or so dependent upon estimates of value that in the decedent's judgment it might have been adequate to the burden imposed; or such that he might reasonably expect to repair the deficiency before his death, the ground for inferring an intention to charge the land would disappear. But none of these things are found in the present record. The legacies were three times the value of the personal estate, and it is impossible to imagine that the testator did not know it; they were provisions in lieu of dower, and for the support and education of a

minor child, which it is hard to suppose were meant to abate; and the subsequent action of the testator strongly indicates that he meant to impose their payment upon his lands. We think the facts of this case bring it up to the required standard.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.