WILLIAM H. VANDERHOOF, INDIVIDUALLY AND AS EXECUTOR OF EMELINE R. VANDERHOOF, DECEASED, RESPONDENT, *v.* WILLIAM B. LANE, INDIVIDUALLY AND AS EXECUTOR OF EMELINE R. VANDERHOOF, DECEASED, AND OTHERS, APPELLANTS, IMPLEADED WITH ANOTHER, DEFENDANT.

*Will — when legacies are not charged on real estate — effect of a gift of all the remainder, " real and personal," in a residuary clause.*

A testatrix, by her will, gave the sum of $1,800 to her four brothers, to be divided among them, share and share alike, not charging the same upon her real estate. All the remainder of her property, "real and personal," was given to her step-children. At the time of making the will the testatrix had cash in excess of the legacies given to the brothers. By a codicil she reduced the legacies to the brothers to $1,200, and gave the balance, or $600, to the same residuary legatees. In an action brought to obtain a construction of the will:

*Held,* that if her personal estate was insufficient to pay the legacies to her brothers, they had no right to resort to the real estate of the testatrix.

That the blending of the real and personal property in the residuary clause did not have the effect of charging the legacies upon the realty.

APPEAL by the defendants, William B. Lane, Stephen A. Lane, Charles G. Lane and John S. Lane, from a judgment of the Supreme Court, entered, after a trial before the court at the Kings County Special Term, in the office of the clerk of Kings county on the 20th day of May, 1891, adjudging that the legacies to the appellants were not charged upon the real estate of Emeline R. Vanderhoof by her will.

*William J. Gaynor,* for the appellants.

*Morris & Whitehouse,* for the respondent.

BARNARD, P. J.:

The testatrix, by her will made in 1872, provided as follows:

"*First.* I give and bequeath the sum of $1,800 held by me in my own and separate right prior to the time of the death of my late husband, William H. Vanderhoof, to my brothers, Stephen A. Lane, John S. Lane, William B. Lane and Charles G. Lane, and their assigns and their legal representatives forever, to be divided among them share and share alike.

" *Second.* After all my lawful debts and necessary funeral expenses are paid, I give, devise and bequeath all the remainder of my property, real and personal of whatever nature and kind and wheresoever situated, to William H. Vanderhoof and Mary McNamee, the children of my deceased husband, William H. Vanderhoof, and their heirs and assigns forever, to be divided and shared equally between them."

By a codicil to said will she provided as follows:

" I hereby revoke the bequest of eighteen hundred dollars made in the first paragraph of my said last will and testament to my four brothers therein named, and instead thereof I hereby give to each of my said brothers Stephen A. Lane, John S. Lane, William B. Lane and Charles G. Lane the sum of three hundred dollars.

" The six hundred dollars hereby deducted from said legacies to my four brothers, I hereby give and bequeath to the residuary legatees named in said will."

The words of the will did not charge the legacy on the land owned by the testatrix. (*Brill* v. *Wright,* 112 N. Y., 129; *McCorn* v. *McCorn,* 100 id., 511.)

At the time of the execution of the will the testatrix had deposits in savings banks and the personal estate would presumably have then been sufficient to pay the legacies out of the personal property; her deposits then were much larger than the legacy. By the codicil made in 1884 the legacy of $1,800 is cut down to $300 each for her four brothers. The $600 deducted from her brothers' legacies was given to the residuary legatees as specified in the will. A power of sale was given the executor to sell the land and an executor was changed, otherwise the will was ratified and confirmed. The blending of the real and personal property in the residuary clause does not produce a charge upon the realty for the payment of legacies when-

ever the personal estate is insufficient. (*Briggs* v. *Carroll*, 117 N. Y., 288.)

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.