PETER McGOUGH *vs.* JAMES HUGHES *et als.*

A will consisted of the following provisions only:
"First, I give and bequeath to my wife . . . . . one third of the income of all my estate during her natural life, the same to be in lieu of dower.
"Second, I give and bequeath to . . . . . the sum of seven hundred dollars each.
"Third, I give and bequeath to my children . . . . . the sum of one thousand dollars each."
*Held*, that as the will contained no residuary clause, or any language showing an intention to charge the testator's realty with the payment of the legacies, parol evidence that the testator had no personalty from which the legacies could be paid, but left sufficient realty for their payment, was inadmissible for the purpose of showing his intention to make them a charge on the realty.

BILL IN EQUITY to charge real estate with the payment of legacies. On demurrer.

*January* 12, 1895. MATTESON, C. J. This is a bill to enforce the payment of a legacy which is claimed to be a charge on real estate. The respondents have demurred to the bill. The case made by the bill is as follows: Thomas Campbell, late of Lincoln, died in June, 1877, leaving a last will and testament dated May 30, 1877, and duly admitted to probate on July 28, 1877. This will, omitting the formal portions, is as follows:—

"First, I give and bequeath to my wife, Bridget Campbell, one third of the income of all my estate during her natural life, the same to be lieu of dower.

"Second, I give and bequeath to my step-daughter, Mary Jane McGue and Margaret Gillen and my step-son Peter McGue, the sum of seven hundred dollars each.

"Third, I give and bequeath to my children Thomas Campbell Jr., Ellen Hughes, wife of James Hughes, and Joseph Campbell, the sum of one thousand dollars each."

At the time of his decease, the testator was seized and possessed in fee simple of a certain parcel of land on the northerly side of Central street in the village of Central Falls, in

Lincoln, particularly described in the bill, of which the respondents are now seized and possessed. This real estate was of the value of $8,000 and amply sufficient for the payment of the legacies given by the will. At the time of making his will and at the time of his death, the testator had no other real estate and was possessed of no personal estate out of which the legacies could be paid. The complainant was the step-son of the testator and is the same person named as legatee in the second clause of the will as Peter McGue. The question raised by the demurrer is whether parol evidence is admissible to prove the facts averred in the bill that the testator had no personal estate out of which the legacies could be paid and had no other real estate than that mentioned in the bill, for the purpose of creating an inference that as the will was made only a few days before the testator's death he must have known that the legacies could be paid only out of his real estate, and, hence, that he must have intended to charge the payment of them on the real estate.

That the intention of a testator is to be gathered from the will, and that to charge real estate with the payment of legacies, the intention to charge must appear in the will, either expressly or by implication, are fundamental principles in the interpretation of wills. If the provisions of a will be ambiguous, uncertain or obscure, proof of extrinsic facts may be given to remove the ambiguity, uncertainty or obscurity, and thus to aid in the construction of the will and in arriving at the intention of the testator; but such proof cannot be permitted to vary or add to the terms of the will, and is wholly unimportant and inadmissible when the will itself is clear and unequivocal. *Leigh* v. *Savidge*, 14 N. J. Eq. 124; *Lewis* v. *Douglass*, 14 R. I. 604; *Matter of Wells*, 113 N. Y. 396; Schouler on Wills, 2d ed. § 579. The will before us contains no express charge on the real estate, nor any language from which a charge can be implied. It makes no mention of or reference to the real estate. It does not even contain a gift of the residue of the estate, under which the real estate might pass. In these respects the case is unlike those principally relied on by the complainant in which proof

of extrinsic facts like those averred in the bill was deemed admissible in ascertaining whether or not it was the testator's intention to charge real estate devised by a general residuary clause with the payment of legacies, when the personal estate was insufficient for that purpose. *McCorn* v. *McCorn*, 100 N. Y. 511 ; *Briggs* v. *Carroll*, 117 N. Y. 288 ; *Reid* v. *Corrigan*, 143 Ill. 402 ; *Leigh* v. *Savidge*, 14 N. J. Eq. 124 ; *Turner* v. *Gibb*, 48 N. J. Eq. 526. To give effect to proof of such facts in a case like the present to create a charge on real estate, would be to add to the terms of the will a charge on the land without any language in the will either express or implied on which to base an intention of the testator to make the charge. Such a proceeding would be not only unwarrantable, but subversive of the statute requiring wills to be in writing.

Demurrer sustained and bill dismissed.

*John M. Brennan & Dennis J. Holland*, for complainant.

*Stephen A. Cooke & Thomas W. Robinson*, for respondents.