(62 Misc. Rep. 435.)

HEROY v. GERMAN CATHOLIC CHURCH OF THE NATIVITY et al.

(Supreme Court, Special Term, Dutchess County.    October, 1908.)

1. WILLS (§ 732*)—CONSTRUCTION—PAYMENT OF LEGACIES.

Where legacies are given generally, and the residue, real and personal, is afterwards given in one mass, the legacies are to be paid out of the personal estate, unless there was a deficiency when the will was executed so great as to make it obvious that the testator did not realize it, or did not intend to remove the difficulty before death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1802, 1803; Dec. Dig. § 732.*]

2. WILLS (§ 732*)—CONSTRUCTION—PAYMENT OF LEGACIES FROM REALTY.

Testator made a will two months before his death, when he was 80 years old, and not engaged in any business which would likely change his financial situation. His personal property amounted to $1,938.61, and his debts exceeded $3,500. His executors sold his real estate for $13,031.44. By the first three clauses he gave certain pecuniary legacies, and by the fourth clause charged his real estate with the payment of the "foregoing bequests." By the fifth, sixth, and seventh clauses he gave other pecuniary legacies, and by the ninth clause devised the residue of all his property to certain persons, and by the tenth clause empowered the executors to sell his real estate. *Held*, that the legacies given in the fifth, sixth, and seventh clauses were payable out of testator's estate generally, including the proceeds of the real estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1802, 1803; Dec. Dig. § 732.*]

Action by Smith Heroy, as executor of the will of Elias Spross, deceased, against the German Catholic Church of the Nativity and others, to construe the will.

Morschauser & Hoysradt, for plaintiff.

Frank B. Lown, for defendant Poughkeepsie Orphan House.

John F. Ringwood, for defendant German Catholic Church of the Nativity.

George V. L. Spratt, for defendants Spross et al.

MILLS, J. This is an action to construe the will of Elias Spross, who died in the city of Poughkeepsie on the 20th of August, 1907,

leaving a will executed on the 3d day of June, 1907. The question presented for determination is whether or not three certain general legacies, given by the fifth, sixth, and seventh clauses of the will, are to be regarded as having been charged upon the real estate of the testator and may now be paid out of the proceeds of the sale of such real estate; the same having been sold by the executors and the personal property having proved to be insufficient to pay the testator's debts.

The will gave five general legacies, viz.: (1) In the second clause, $500 to a niece of the testator; (2) in the third clause, $1,000 to a person named therein; (3) in the fifth clause, $500 to the defendant Mary Spross; (4) in the sixth clause, $500 to "the Poughkeepsie Orphan House and Home for the Friendless of the City of Poughkeepsie"; and (5) in the seventh clause, $700 to "the German Catholic Church of the Nativity, located on Untion street in the city of Poughkeepsie, New York." The ninth clause of the will provided as follows: "All the rest, residue and remainder of all my property, after paying the above bequests, I give, devise and bequeath" to certain named parties, being brothers and nieces and nephews of the decedent. The tenth clause empowered the executors to sell and convey any and all of the testator's real estate. The fourth clause was as follows:

"Fourth. I charge my real estate with the payment of the foregoing bequests."

The general rule is well established that where legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are to be paid out of the personal estate, and not to be regarded as a charge upon the real estate. In other words:

"A residuary clause, blending in its form of disposition both real and personal estate," will not produce a "charge upon the former for the payment of legacies wherever the personal estate proves insufficient."

In order to have such effect:

"The deficiency must exist when the will is executed, and be so great and so obvious as to preclude any possible inference that the testator did not realize it, or that he may have expected and intended before his death to remove the difficulty." Briggs v. Carroll, 117 N. Y. 288, 292, 22 N. E. 1054, 1055.

The question here is this: Does the case here fall within the general rule or within the exception just above noted?

There is no dispute whatever as to the material facts. The testator left at his death, and at the time of making the will had, no descendant or widow. The will was made only a few months before his death; i. e., in June, 1907, his death being in August of that year. At the time of making the will he was 80 years of age. He had lived in the city of Poughkeepsie for many years, had been engaged in business there, but at the time of making the will was wholly retired from business, and engaged in no enterprise which gave any promise or expectation that his financial situation could be changed. His personal property, at the time of the making of the will, consisted of the following items, viz.:

Cash in Bank of Deposit........................................... $111 22
Balance in Poughkeepsie Savings Bank.......................  856 39
Mortgage .................................................................  615 00
Value of household effects.........................................  356 00

    Total ...............................................................$1,938 61

He was then in debt to an amount exceeding $3,500, which included, as its principal item, his own promissory note held by the Fallkill National Bank of Poughkeepsie, which note he had several times renewed. It was for the principal sum of $3,000, and with interest then amounted to the sum of $3,031.50, nearly twice the amount of his personal property, exclusive of his household effects. His real estate consisted of two parcels of real property in the city of Poughkeepsie, which the executors, since his death, have sold, and realized from such sale the sum of $13,031.44. The legatee of the third legacy, Mary Spross, was his housekeeper and the wife of one of his nephews. The two institutions which were the legatees in the sixth and seventh clauses had long been objects of the testator's special interest. There was no material change in the condition of his property, real or personal, or of his indebtedness, between the making of the will and his death. These facts appear to me to clearly "preclude any possible inference that the testator did not realize" the fact that his personal estate was utterly insufficient to pay his indebtedness, let alone the legacies, and also "to preclude any possible inference that he may have expected and intended before his death to remove the difficulty"; i. e., to have created a sufficient personal estate to pay his debts and such legacies.

The court is, of course, reluctant to ascribe to the testator as a sensible person, the doing of an utterly vain and foolish thing. It is to be presumed that he intended that the legacies which he wrote in his will should have effect; and, as it must then have been clearly apparent to his mind that they could have effect only by being paid out of his estate generally, and not out of his personal property alone, it seems that such must be regarded as having been his intention, and that his will should be construed accordingly. The only difficulty in making such construction is found in the fact that the fourth clause of the will, which follows in order the second and third clauses giving the first and second legacies, charges the testator's real estate "with the payment of the foregoing bequests," and that the will contains no such express charge as to the other three legacies. I do not think, however, that that clause should be regarded as overcoming the clear inference, which the facts above recited compel, as to the testator's intent respecting the other three legacies. The proven facts as to the situation of the testator at that time demonstrate beyond the possibility of cavil that he must then have intended that all the legacies be paid out of his estate generally, or that the last three legacies should not be paid at all. The latter conclusion seems utterly unreasonable.

It should be noted, also, that the residuary clause gives, devises, and bequeaths the residuary estate "after paying the above bequests," indicating the intention that all of them should be paid. The will, therefore, must be construed as making the three legacies in question,

namely, those given in the fifth, sixth, and seventh clauses of the will, payable out of the testator's estate generally. Therefore they may now be paid out of the proceeds of the sale of the real estate.

Let a decision be prepared and submitted accordingly.