In the Matter of the Estate of MARY E. MALONE, Deceased.

Surrogate's Court, Queens County, November 16, 1931.

*Auguste M. Thiery*, for the executor.

*John Kindred Gillette*, special guardian.

HETHERINGTON, S. This is an application for the construction of the following portion of the decedent's will, to wit:

" I give and bequeath the following: One share of American Telephone & Telegraph Company stock to the Mary Immaculate Hospital of Jamaica, Long Island.

" One share of American Telephone & Telegraph Company stock to my aunt, Mrs. Elizabeth Brady of 97 Lexington Avenue, New York, N. Y.

" Three shares of American Telephone & Telegraph Company stock to be sold and divided evenly between the following children:

" Mary Jane Ward, 255 Seneca Parkway, Rochester, New York.

" Mary Elizabeth Digby, 4232 Marathon Parkway, Little Neck, L. I.

" Margaretta Lippman, 217 Hawthorne Avenue, Yonkers, New York.

"Elizabeth Kinkead, 8568 — 115th Street, Richmond Hill, Long Island.

" Isobel Kinkead, 8568 — 115th Street, Yonkers, New York.

" I would suggest that the executor hold this American Telephone & Telegraph Company stock until after the next stock issue (if there should be one this year) and take advantage of the rights which will be issued, that is, sell them, and add the money to the above amount to be given to the children."

Testatrix having disposed of the six shares of stock in her lifetime, it now becomes necessary to determine the nature of the foregoing legacies.

In approaching a determination of this question I am mindful of the inclination of the courts to hold that legacies are general rather than specific, because the testator usually intends to confer a benefit upon a legatee named in his will even though the precise thing may not be owned by him at his death. This presumption that the testator desires some benefit to reach the legatee should be set aside only when it can be found that the testator intended otherwise. (*Tifft* v. *Porter*, 8 N. Y. 516.) In that case the testator, at the time of the execution of his will and at the time of his death, was

the owner of 360 shares of stock of the Cayuga County Bank. He gave " 240 shares of the bank-stock in the Cayuga County Bank " to his wife, and 120 shares of like stock to another person. In holding these legacies general, the court (at p. 518) used the following language: "A legacy is general, when it is so given as not to amount to a bequest of a particular thing or money of the testator, distinguished from all others of the same kind. It is specific, when it is a bequest of a specified part of the testator's personal estate, which is so distinguished. (Wms. on Ex. 838.) In those cases in which legacies of stocks or shares in public funds have been held to be specific, some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred. Where, for instance, the testator has used such language as, ' my shares,' or any other equivalent designation, it has been held sufficient. But the mere possession by the testator, at the date of his will, of stock of equal or larger amount than the legacy, will not of itself make the bequest specific." While the authority of this case has been challenged, the general rule stated therein is firmly established in the jurisprudence of this State. (*Matter of Freeman*, 139 Misc. 301.)

An examination of the language of the testatrix's will fails to disclose that she bequeathed any specific share of stock, definitely described by numbers or otherwise. The stock is neither earmarked nor identified, and in so far as the legacies given to the hospital, church and Elizabeth Brady are concerned, the testatrix has simply made a general bequest of stocks, to be satisfied in kind. (*Tifft* v. *Porter; supra; Matter of Lendle*, 250 N. Y. 502.) The direction to sell and divide the proceeds of the three remaining shares of stock among the persons mentioned coupled with the testatrix's suggestion that the executor hold the stock and take advantage of rights expected to be issued " and add the money to the above amount to be given to the children " negatives any intention on her part to treat the gift as a specific legacy. The gift of the remaining three shares must be regarded as a general legacy, and in the event of insufficiency in assets all the legacies must abate *pro rata.*

Submit decree on notice construing the will accordingly.