In the Matter of the Estate of JANE E. BREWSTER, Deceased.

Surrogate's Court, Livingston County, October 12, 1932.

*Judson A. Parsons*, for the executors.

*Byron A. Johnson*, special guardian for certain infants.

*John G. Carpenter*, special guardian for Alexander Russell, Jr.

*Spencer, Ogden & Spencer*, for First Unitarian Congregational Society of the City of Rochester, N. Y.

*Harris, Beach, Folger, Bacon & Keating*, for Annie Evelyn Pierpont.

*Raines & Raines*, for the Avon Free Library.

WHEELER, S. This is a proceeding instituted for a construction of the will of Jane E. Brewster, deceased.

The testatrix died in the year 1931 at the age of eighty-four years, leaving a last will dated October 28, 1926. She died

unmarried, her nearest relatives being nieces and grandnieces and nephews.

For many years prior to the execution of the will and until her death, the testatrix owned a parcel of real estate located in the village of Avon, N. Y., upon which she resided. Annie E. Pierpont, mentioned in the will, was described by the testatrix as her " friend and companion," and she lived with the testatrix for twenty-seven years, having given up her home to reside with her.

The decedent acquired in 1922 155 shares of the common stock of the Eastman Kodak Company; that is all she ever owned of the Kodak stock and she died possessed of it, and at the time she made her will her personal estate, exclusive of money, stock of the Traders National Bank, Eastman Kodak stock and personal effects, was twice sufficient to pay the money legacies specified in the will, and was of the estimated value of about $42,000.

Money legacies in the will of decedent aggregate $20,000, and the record discloses that the personal estate in the hands of the executors applicable to the payment of these legacies is insufficient for that purpose.

The payment of the pecuniary legacies is not specifically charged upon the real estate.

The provisions of the will for which construction is sought will be taken up in the order in which they appear in the will.

The first bequest to the Commissioners of Mt. Hope Cemetery of Rochester, N. Y., is a part of the " funeral expenses " (Surr. Ct. Act, § 314, subd. 3) and being reasonable in amount, is payable in full out of the personal estate in the hands of the executors applicable to the payment of debts and funeral expenses.

Pecuniary legacies bequeathed are each in the same class, namely:

| | | |
|---|---|---:|
| Second paragraph: | To Annie Brewster Wells | $500 00 |
| | To Ruth Ellinwood Frost | 500 00 |
| Fifth paragraph: | To Alexander Russell, Jr | 250 00 |
| Sixth paragraph: | To Rachel A. Brewster | 1,000 00 |
| Seventh paragraph: | To Editha B. Russell | 1,000 00 |
| Eighth paragraph: | To Alice Chapin Russell | 250 00 |
| | To Gordon MacGregor Russell. | 250 00 |
| | To David Brewster Russell | 250 00 |
| Ninth paragraph: | To the First Unitarian Congregrational Society of the City of Rochester, N. Y. | 1,000 00 |
| Tenth paragraph: | To the Avon Free Library, Inc. | 5,000 00 |
| | Total bequests in this class amount to | $10,000 00 |

It is contended in behalf of the Avon Free Library and other legatees similarly situated that the legacies are chargeable upon the real estate of which the decedent died seized and, if necessary to pay these legacies, it must be sold for that purpose.

The answer depends upon the terms of the will of Jane E. Brewster; the intention of the testatrix is the guide and, if it is not specifically expressed, it must be fairly and satisfactorily inferred.

The life use of the real estate of which the decedent died seized was given to " my friend and companion, Annie Evelyn Pierpont," by the third paragraph of the will, and upon her death the real estate passes under the eleventh paragraph of the will:

" *Eleventh.* Subject to the devises and bequests herein, I give, devise and bequeath to my executors and trustees hereinafter named, all the rest, residue and remainder of my estate, real and personal, in trust nevertheless, for the following uses and purposes: To divide and hold the same in four equal trusts and to pay the net income from each trust semi-annually to Alice Chapin Russell, Alexander Russell, Jr., Gordon MacGregor Russell and David Brewster Russell, respectively, children of my niece, Editha B. Russell, of Rochester, N. Y. until each of said children respectively shall attain the age of twenty-one years, and then to pay the principal of each trust to each of said children respectively upon his or her attaining the age of twenty-one years.

" I direct that all legacies made in this my last Will and Testament and in any codicil thereto, shall be paid free from any inheritance, transfer, succession, legacies or State tax, and that all such taxes be paid out of the residue of my estate."

The pecuniary legacies bequeathed by the will which are in the same class aggregate $10,000. The personal estate applicable to the payment of these legacies is insufficient. If they are to be paid, resort must be had to a sale of the real estate and resort to such a sale cannot be so had unless it fairly and satisfactorily can be determined that it was the primary intention of the testatrix to charge the payment thereof upon her real estate, both from the will and possibly from the circumstances surrounding her at the time she made her will. (*Carley* v. *Harper*, 219 N. Y. 295.)

The circumstances surrounding the testatrix at the time she made the will are admissible to prove or disprove an intention to charge lands. (*McCorn* v. *McCorn*, 100 N. Y. 511; *Brill* v. *Wright*, 112 id. 129; *Irwin* v. *Teller*, 188 id. 25; *Ely* v. *Megie*, 219 id. 112.)

The record discloses that at the time she made the will, October 28, 1926, she was possessed of personal estate aggregating upwards of $42,000, and the entire pecuniary legacies amounted to only $20,000.

A rule of law which induces courts of this State to charge legacies upon land has been so frequently reiterated that the principles involved are clear and have been exhaustively stated. (*Carley* v. *Harper*, *supra*.) Judge POUND summarized the guiding principles most commonly invoked, which were recently considered in *Ely* v. *Megie* (219 N. Y. 112).

(a) The intention of the testator is the guide; it is determined from the language of the will read in the light of the extrinsic circumstances.

(b) We are not to act upon a conjecture, however plausible. (DENIO, Ch. J., in *Lynes* v. *Townsend*, 33 N. Y. 558, 569.)

(c) If the intent is not expressed, it must be fairly and satisfactorily inferred. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614.)

(d) The relation of the beneficiaries of the will to the testator is not to be overlooked, and the presumption favors children rather than strangers. (*Scott* v. *Stebbins*, 91 N. Y. 605.)

(e) The condition of a testator's estate as he knew or believed it to be at the time he made his will may reflect a deficiency of personal property so great and so obvious as to preclude any possible inference other than that he intended to charge the legacies upon the real estate. (*Briggs* v. *Carroll*, 117 N. Y. 288, 292.) But an intention to charge the land will not be inferred from such disparity even though serious, if the testator might have been unconscious of its existence, or mistaken in judgment as to the value of his personal property, he had reasonable expectation of increasing his personal estate before his death. (*Briggs* v. *Carroll*, *supra*.)

(f) The presence of a power of sale of real estate, otherwise unnecessary, may help the legatees (*Kalbfleisch* v. *Kalbfleisch*, 67 N. Y. 354; *Dunham* v. *Deraismes*, 165 id. 65); as may the blending of real and personal property in the residuary clause. (*Scott* v. *Stebbins*, 91 N. Y. 605, 613; *McCorn* v. *McCorn*, 100 id. 511; *Brill* v. *Wright*, 112 id. 129.)

(g) The direction to the executor to pay the transfer tax on the legacies from the residue is a circumstance suggesting that the legatees should be paid in full. Subsequent reduction of personal property has a bearing on the question (*Scott* v. *Stebbins*, *supra*), but these are circumstances merely, and each will is to be construed as a harmonious will and not as a combination of ill-fitting fragments (*Crumpe* v. *Crumpe*, L. R. [1900] App. Cas. 127, 130, 132); and if the will is drawn by a competent lawyer, the failure expressly to charge the legacies upon the real estate should be as significant circumstances as any.

The usual arguments have been advanced which it is contended show an intent to charge the realty; the incidents of a power of

sale; a direction to pay transfer taxes; a blending of real and personal property in the residuary clause, and the language in the residuary clause, containing the words "Subject to the devises and bequests herein."

On the other hand, we have a will drawn by a competent lawyer, who knew that if the testatrix wished the legacies charged upon the real estate, the will should expressly so state.

The fact that a residuary clause in a will blends and disposes of both real and personal estate will not produce a charge upon the realty for the payment of legacies whenever the personal estate proves insufficient.

The deficiency must exist when the will is executed, and be so great and so obvious as to preclude any possible inference that the testator did not realize it or that he may have intended before his death to make up the deficiency. (*Briggs* v. *Carroll*, 117 N. Y. 288.) The court in the course of its opinion stated: "We are very far from saying that a residuary clause, blending in its form the disposition of both real and personal estate, will produce a charge upon the former for the payment of legacies whenever the personal estate proves insufficient. No such doctrine can be justified. The deficiency must exist when the will is executed, and be so great and so obvious as to preclude any possible inference that the testator did not realize it, or that he may have expected and intended before his death to remove the difficulty." None of these things are found in the present record.

A power of sale is often put into a will, because precedents will have it so, and because such a power may in some way prove valuable, is a common practice among lawyers in drafting wills and inserting powers of sale and the blending of real and personal property in a residuary clause, was stated in *Brill* v. *Wright* (*supra*), and it is not to be considered a dominant consideration.

Some stress is laid upon the language of the eleventh paragraph of the will: "Subject to the devises and bequests herein, I give devise and bequeath * * * all the rest, residue and remainder of my estate."

These words are not controlling; they may have been used inadvertently by the scrivener. The clause is not a dominant consideration indicating an intention to charge the payment of the general legacies upon the real estate of testatrix. (*Hindman* v. *Haurand*, 2 App. Div. 146.)

The residuary clause under construction in the *Hindman-Haurand* case was in the following language: "After the bequests and provisions above mentioned, I give, devise and bequeath

\* \* \* all the rest, residue and remainder of my estate, real and personal \* \* \*."

The court held that the language used did not make the pecuniary legacies a charge upon the real estate. The effect of the language used in the *Brewster* will is the same as in the *Hindman* will.

The direction of the testatrix that legacies be paid free from transfer taxes and out of the residue of the estate indicates clearly that she had in mind when she made her will that there would be in such residue upwards of $20,000 in personal property over and above what was sufficient to pay all pecuniary legacies in full, and out of that residue of personal property she directed the taxes to be paid.

It cannot be fairly inferred that she intended to charge the payment of these taxes on real estate.

The amount of personal property on hand at the time of the execution of the will is a dominating factor as to whether legacies are chargeable on realty. (*Matter of Lummis*, 101 Misc. 258, 270.)

It is only when the personalty is grossly out of proportion to the legacies that the courts are inclined to impose a charge upon land. (*McGoldrick* v. *Bodkin*, 140 App. Div. 196; *Briggs* v. *Carroll*, *supra*.)

The testatrix by general cash legacies provided in her will for the payment of $20,000, and at the time she made her will she had upwards of $42,000 in personalty applicable to the payment of debts and expenses of administration and such cash legacies. She contemplated an ample surplus of personalty and a residue thereof. She was seventy-nine years old when she made her will. With that situation confronting the court, it cannot be successfully urged that she intended to charge the payment of her general cash legacies upon her real estate.

The direction to pay transfer taxes contained in the residuary clause shows no intention that the real estate should be sold for that purpose, but contemplates that at the time when she made the will she had a surplus of upwards of $20,000 in personalty, disposed of by that residuary clause, out of which residue she intended to, and did, direct the payment of taxes.

Construction of the fourth paragraph of the will relates to the bequest of $10,000 given to Annie Evelyn Pierpont.

The paragraph in question reads: "*Fourth.* I give and bequeath absolutely to the said Annie Evelyn Pierpont, the sum of Ten Thousand Dollars ($10,000.00), to be paid in preference to any other money legacy herein made \* \* \*."

It is conceded by all the parties that the cash legacy to Annie Evelyn Pierpont, amounting to $10,000, as set forth in the fourth paragraph of decedent's will, is preferred over any other money

legacies. This is a general legacy preferred over all other general legacies, and for the reason above set forth relative to the other general cash legacies it is not chargeable upon the real estate.

Construction of the fourth and fifth paragraphs of the will is requested.

This involves the bequest of the seventy-seven shares of common capital stock of the Eastman Kodak Company of Rochester, N. Y., to Annie Evelyn Pierpont, and the bequest of the seventy-eight shares of the same company to Alexander Russell, Jr.

It is the contention of some of the interested parties that the bequest is general and not specific.

In determining the question, reference is again had to the fact that when the testatrix made her will she had personal property ample to provide for all of the legacies and to leave a residue of personal property of the value of $20,000 and upwards, and her real estate.

A specific legacy is a bequest of an identical item of property, which is to be received by the legatee in kind, " * * * a bequest of a specified part of a testator's personal estate designated from all others of the same kind." (*Crawford* v. *McCarthy*, 159 N. Y. 514, 519.)

The record discloses that the testatrix had exactly 155 shares of Eastman Kodak Company common stock; that is all she ever acquired, and she bequeathed it, using the following language in each bequest. " I give and bequeath absolutely to the said Annie Evelyn Pierpont the sum of Ten Thousand Dollars ($10,000.00) to be paid in preference to any other money legacy herein made, together with 77 shares of my common capital stock of Eastman Kodak Company of Rochester, N. Y., and my Packard automobile.

" And I give and bequeath to Alexander Russell, Jr., the son of Alexander Russell, of Rochester, N. Y., 78 shares of my common capital stock of Eastman Kodak Company of Rochester, N. Y.

" I also give to the said Alexander Russell, Jr., my mahogany hall clock and the sum of Two Hundred and Fifty Dollars ($250.00)."

The testatrix, Jane E. Brewster, in bequeathing this stock, in each case used the controlling words, " my common capital stock of Eastman Kodak Company of Rochester, N. Y."

The use of the words " my stock," etc., together with other circumstances shown, indicates beyond any question that she intended specifically to bequeath this stock to Annie Evelyn Pierpont and to Alexander Russell, Jr.

These legacies are specific legacies (*Matter of Martin*, 241 N. Y. 528; *Tift* v. *Porter*, 8 id. 516; *Matter of Malone*, 143 Misc. 657), and the testatrix intended that the seventy-seven shares of Eastman

Kodak Company stock should be delivered to Annie Evelyn Pierpont, as she contemplated the delivery of the Packard automobile, and likewise she contemplated the delivery of the seventy-eight shares of the Eastman Kodak Company stock to Alexander Russell, Jr., just as much as she intended the delivery of the mahogany hall clock to him.

The record discloses that there was at all times in the hands of the executors personal property applicable and sufficient to pay all debts, funeral expenses, expenses of administration, and including the bequest of $300 to the commissioners of Mt. Hope Cemetery, and the inheritance taxes, exclusive of real estate and personal property specifically bequeathed as hereinafter detailed and set forth.

Decree may be submitted on notice in accordance with the following construction:

(1) The personal estate, exclusive of property specifically bequeathed, hereafter specified, is first applicable to the payment of decedent's debts, funeral expenses, expenses of administration, including transfer or inheritance taxes.

(2) The bequest to the commissioners of Mt. Hope Cemetery of Rochester, N. Y., of $300 is payable in full out of funds in the hands of the executors applicable to the payment of debts and funeral expenses.

(3) The cash legacies set forth in paragraphs numbered " second," " fourth," " fifth," " sixth," " seventh," " eighth," " ninth " and " tenth " are general legacies.

(4) The personal property remaining, except that which is specifically bequeathed, hereafter specified, is applicable first to the payment of the cash legacy to Annie E. Pierpont in full.

(5) The personal property then remaining, after the payment of the legacy to Annie E. Pierpont of $10,000, if any, is applicable to the payment of the general cash legacies bequeathed by paragraphs numbered " second," " fifth," " sixth," " seventh," " eighth," " ninth " and " tenth " *pro rata.*

(6) The following property is specifically bequeathed:

(a) By the third paragraph of the will, the use of all of decedent's furniture and household goods, located in the east half of the home of testatrix (not otherwise disposed of), is bequeathed to Annie E. Pierpont during such time as she may use and occupy the residence of decedent or any part of it.

(b) By the fourth paragraph, to Annie E. Pierpont, seventy-seven shares of common capital stock of Eastman Kodak Company of Rochester, N. Y., and decedent's Packard automobile.

(c) By the fifth paragraph, to Alexander Russell, Jr., the son

of Alexander B. Russell of Rochester, N. Y., seventy-eight shares of common capital stock of Eastman Kodak Company of Rochester, N. Y., and the mahogany hall clock.

(d) By the sixth paragraph, to Rachel A. Brewster, all of decedent's table and bed linen and silver marked " Jane E. Brewster," or " J. E. B."

(e) By the seventh paragraph, to Editha B. Russell, decedent's chain bracelet and diamond ring, and also all of her table linen and bed linen, and silver marked " E. C. B." or " Editha."

(7) The real estate of which decedent died seized is not chargeable with the payment of legacies, or with the payment of inheritance or transfer taxes and is devised as follows:

(a) The life use thereof to Annie E. Pierpont, and after her death,

(b) It is devised to the trustees mentioned in paragraph " eleventh " of the will for the purposes therein set forth, and such remainder over after the death of the life tenant is not chargeable to the payment of any legacies or with the payment of income or inheritance taxes.

Submit decree accordingly.