In the Matter of the Estate of MARTHA B. SNYDER, Deceased.

Surrogate's Court, Oneida County, November 16, 1932.

*Lee, Brennan & Bastow,* for the petitioner.

*H. J. Cookinham, Jr.,* for the executrix.

EVANS, S.   This is a proceeding for a judicial settlement of the account filed by the executor of the will of the above-named testatrix. This proceeding includes the construction of a portion of the will. The testatrix was survived by her husband, William Snyder, and three children.   The husband was given a life use of the real and personal property, but subject to his remaining unmarried, with the right to invade the principal of personal property in case of necessity. The testatrix owned a modest house at No. 32 Faass avenue, Utica, N. Y., which her husband occupied until his death.   This house has now been sold by the executor under a power contained in the will and possession of the purchaser is resisted by Hattie Dawley, named in the fifth paragraph of the will reading as follows:

" *Fifth.* I will and direct that my niece, Hattie Dawley, should have a home at my house during her lifetime and to that extent the use of my real estate as given to my husband above is modified to that extent."

It is the contention of Miss Dawley that she is entitled to remain in and occupy the house for the remainder of her life.

A literal reading of this paragraph may furnish a debatable question but I think that consideration of the will as a whole

reveals an intent on the part of the testatrix that is contrary to the contention of Miss Dawley.

It appears that the primary desire of the testatrix was to care for the comfort and support of her husband during his lifetime or until his remarriage. The right of Miss Dawley to have a home in the house was an incident to the life use of the husband of the testatrix. The interest of Miss Dawley was inferior to that of the life tenant. His death, I think, terminated her interest.

The personal property is exhausted in supporting Mr. Snyder. There are unpaid legacies amounting to about $850. The only way of paying the legatees is from the sale of the house in question. Legacies are not in terms made a charge upon the real property. However, the testatrix contemplated the possibility of expending all of the personal property, and under the circumstances I think that the legacies by implication are a charge upon the real estate. (*Briggs* v. *Carroll*, 117 N. Y. 288; *Carley* v. *Harper*, 219 id. 295.)

It is unreasonable to suppose that the testatrix intended to defer the sale of the house until after the death of Miss Dawley. The will provides that after a sale of the real estate a monument is to be erected at a cost not exceeding $400. This event naturally follows the death of Mr. Snyder. By the same token payment of legacies to children and grandchildren reasonably follows the death of the life tenant and the sale of the house.

I hold and decide that the death of William Snyder terminated the interest of Hattie Dawley in the house owned by the testatrix, and that the purchaser of the premises on the sale by the executrix obtained proper title and is entitled to possession as against Hattie Dawley and any other person or persons now occupying said premises.

Decreed accordingly.