In the Matter of the Estate of HAMILTON F. DEAN, Deceased.

Surrogate's Court, New York County, December 1, 1938.

*Charles Hollender* and *John H. Unlandherm*, for the executors.

*Morse S. Hirsch*, for Florence H. Valdes and Harry M. Clarke, objectants.

*Jeremiah F. Connor*, for James Roy Merkley and John H. Unlandherm, as residuary legatees.

*Vincent Dolan*, for Anna M. Hanrahan, as executrix, etc., of Katherine Hanrahan, as one of the legatees.

FOLEY, S. This is a trustees' accounting in which a construction of the will is sought. By the twelfth paragraph of his will the testator created a trust of $50,000 for the benefit of Katherine Hanrahan during her life. The remainder of this trust is disposed of in the following language: " and upon her death the principal shall be disposed of by the residuary clause of this will." The

residuary clause is couched in very broad language and makes a gift of the entire residuary estate to two persons in equal shares.

Katherine Hanrahan, the *cestui,* is now dead. The personal property in the estate is not sufficient to pay all the general legacies in full. The question arises as to whether the remainder of the trust should be used to make up the deficiency in the general legacies, or should be paid to the persons named in the residuary clause.

I hold the direction in the twelfth paragraph of the will, that the remainder should be disposed of by the residuary clause, indicates an intention on the part of the testator that the remainder should pass as part of his residuary estate. The gift here is not to the persons or legatees named in the residuary clause as in *Matter of Reynolds* (242 N. Y. 389), nor to the persons named nor purposes mentioned in the residuary clause as in *Matter of Eagle* (169 Misc. 140). The language employed by the testator must be interpreted as intending the gift of the remainder to pass as part of the residuary estate. As there is no residuary estate, the remainder of the trust must be used to make up the deficiency in the general legacies. (*Matter of Title G. & T. Co.,* 195 N. Y. 339.) This construction of the will is in accord with the expressed testamentary plan of the testator under which the two residuary legatees also receive substantial general legacies and are given the residuary estate under a clause which was obviously designed as a catch-all for all undisposed of property and void or lapsed legacies.

The remaining question of construction is whether or not the general legacies are a charge on the real property owned by the testator: It has been established to the satisfaction of the surrogate by extrinsic evidence that at the date of the execution of the will the testator owned more than sufficient personal property to pay all of the general legacies and possible administration expenses in full. There is no indication in the language of the will or in the extraneous circumstances surrounding its execution, which disclose an intention on the part of the testator to depart from the general rule that the personal estate is the primary fund for the payment of general legacies. I hold, therefore, that the general legacies are not a charge on the real property. (*Ely* v. *Megie,* 219 N. Y. 112; *Brill* v. *Wright,* 112 id. 129; *Bevan* v. *Cooper,* 72 id. 317; *Matter of Farley,* N. Y. L. J. March 26, 1938, p. 1475; *Matter of Brewster,* 144 Misc. 888.)

The personal claim of the coexecutor is allowed in the amount set forth in the account.

The total compensation for professional services of the attorneys for the executors is fixed and allowed in the sum of $21,500. Credit

must be allowed thereon for the payment heretofore made on account. The latter determination disposes of objections 1 and 2.

Objection 3 is sustained in part. The trust in question is to be set up as soon as is reasonably possible and the setting up of the trust is to be confirmed by the decree herein. Objections 4, 5, 6 and 7 have been disposed of by the determination of the questions of construction. Objections 8 and 9 are overruled. Objection 10 is withdrawn.

Submit decree on notice construing the will and settling the account in accordance with this decision.

### Decision of January 3, 1939.

Supplementing my prior decision of December 1, 1938, *supra*, in this matter, I hold that the language of the second paragraph of the will makes the estate taxes a charge on the general estate in the nature of an administration expense. (*Matter of Schoonmaker*, N. Y. L. J. May 2, 1934, p. 2122.) The payment of the taxes is not a charge upon the real estate. (*Matter of Brewster*, 144 Misc. 888.) The proposed method of setting up the trust in question will be approved.

Costs taxed. Resubmit decree for signature with appropriate amounts inserted therein.