In the Matter of the Estate of MARGARET LANG, Also Known as MARGARETHA LANG, Deceased.

Surrogate's Court, Kings County, September 23, 1935.

*Nicholas Dietz*, for the petitioner.

*Wingate & Cullen*, for Therese Muller, legatee.

*Harold L. Rubenstein*, special guardian.

WINGATE, S. As there appears a reasonable necessity for an interpretation of the instant will on probate, due notice of the application was contained in the petition and citation and all interested parties join in the request, jurisdiction for that purpose will be entertained.

The will, which bears the date of January 29, 1927, gives a general legacy of $4,000 to the sister of testatrix's deceased husband, and devises and bequeaths the entire residue of the estate to two sisters, two nephews and a niece in equal shares.

The total estate at the time of testatrix's death aggregated about $4,700 in personalty in addition to a parcel of realty valued at $7,000.

At the time of the execution of the will, testatrix's personalty is alleged to have totaled $4,192.76, and at the time of the execution of a codicil, $4,239.92.

The question presented is as to whether an intention to charge the legacy on the realty is to be imputed to the testatrix, since the executor expresses an apprehension of a deficiency in personalty for its payment because, he says, the funeral bill amounts to $951.60 and debts to $24.

Whereas the court by no means prejudges the question, it would feel, were it in the position of the fiduciary, that there was a much more imminent danger of a surcharge of his accounts by reason of the payment of any such *prima facie* excessive funeral bill in an estate of this size, than of a deficiency of personal assets to pay the general legacy.

On the question at issue, the demonstrated facts of the case at bar show none of the generally recognized bases for a charge of a general legacy on the residuary realty which are noted in *Matter of Lilienthal* (139 Misc. 225). The will contains no direction for payment of taxes, there is no such discrepancy between the personalty at the time of the execution of the will and the amount of the legacy as to give rise to such an inference of intention to charge and the residuary legatees bear a closer relationship to the testatrix than the general legatee.

Under the circumstances, the court can discern no basis for holding that if, on the final accounting, a deficiency in personalty to pay the legacy shall be found to exist, it may be made at the expense of the residuary realty.

Enter decree on notice.