In the Matter of the Estate of MARGARET LANG, Also Known as MARGARETHA LANG, Deceased.

Surrogate's Court, Kings County, January 21, 1936.

*Nicholas Dietz*, for George Hofmann, proponent-petitioner.

*Harold L. Rubenstein*, special guardian.

*Topken & Farley*, for Willi Bock and Wilhelm Schwoebel, legatees and next of kin.

*Wingate & Cullen*, for Theresa Müller, legatee-respondent.

WINGATE, S. The demonstration of relevant facts respecting the situation of the testatrix at the time of the execution of the will has merely served to strengthen the original opinion of the court that, at that time the testatrix had no active wish that the general legacy given by the second item of the instrument to stranger to her blood should be charged upon the realty which, under the third item, passed to her blood relatives including one to whom she stood *in loco parentis.*

While it is true that at the time the document was signed, she apparently possessed only $4,100 in personalty while the general

legacy was in the sum of $4,000, so that after a deduction of funeral and testamentary expenses there was a probability, viewing the matter as of that date, that the personalty would be insufficient to defray these costs and solve the general gift in full, it is well established in the law that a slight deficiency in ready cash at the time of the execution of the document will not furnish a sufficient basis for an imputation of desire to charge, if there is any showing of a reasonable expectation of enhancement in the value of the personalty between the date of execution of the will and death. (*Briggs* v. *Carroll*, 117 N. Y. 288, 292; *Carley* v. *Harper*, 219 id. 295, 301; *Matter of Dooley*, 153 Misc. 533, 534, 535; *Matter of Lilienthal*, 139 id. 225, 237.) As is said in the first cited case: " If the disparity, even though serious, is such that the testator * * * might reasonably expect to repair the deficiency before his death, the ground for inferring an intention to charge the land would disappear."

In the present instance the deficiency was not serious. Furthermore, the income-producing nature of her property was such that it cannot be said that it was not within testatrix's contemplation that an increase would occur therein even if she, in fact, realized that a deficiency actually existed at the time, which is not self-evident. The amount of the pecuniary gift was less than the cash which she actually had on hand, and according to the observation of the court, the average inexperienced testatrix has an entirely inadequate conception of the expense attendant upon a funeral and the administration of an estate. Advertisements of complete " funerals " at costs approximating $100 are common, and frequently influence the conceptions in this regard of persons occupying stations in life considerably higher than that of the present decedent.

Whereas events occurring subsequent to the execution of a will can throw no direct light on the intention of the document, an inquiry as to the probable expectation of the testatrix cannot overlook the fact that by the operation of natural processes the estate of the decedent had increased to $4,697.34 at the time of her death. Can it be demonstrated that she did not contemplate the possibility of occurrence of the event which actually transpired? If she did, can it be further demonstrated either that this additional $697.34 plus the value of her personal belongings was not an adequate sum for the solution of funeral and testamentary expenses, and, if slightly inadequate, that she realized that fact?

Unless all of these questions can be answered in the affirmative, the general legatee must fail in her attempt to charge her gift upon the realty, since the burden rests upon her of demon-

strating the existence of an affirmative intent on the part of the testatrix to make the charge.

In the present state of the record, the court is unable to answer any of these queries in the affirmative, and this fact coupled with the closer relationship of the residuary legatees must result in its adherance to the result attained in its previous opinion (156 Misc. 688) in respect to the issue.

Enter decree on notice.