ROBERT EMMET DUNHAM, Appellant, v. JOHN A. DERAISMES et al., Respondents.

WILL — WHEN ANNUITY A CHARGE UPON THE REAL ESTATE. Under a will which bequeaths an annuity to the widow during her natural life, to be paid quarterly by the executors, expressly charging the rents and profits of certain real estate with its payment during such period, bequeaths an annuity to his son-in-law during his natural life, to be paid by his executors quarterly, devises all the rest and residue of the real estate to the testator's children and two grandchildren, to be divided between them when his youngest son arrives at the age of twenty-one or at his decease, if he should die before attaining that age, directs the executors to take possession and control of the real estate, and, after paying out of the same all taxes, assessments, repairs and expenses, "also the said annuity herein given to my said wife and the said annuity given to my son-in-law * * *," to credit the balance quarterly to the children and grandchildren, and finally gives and bequeaths to the children and grandchildren all the rest and residue of the personal estate to be divided equally between them, a provision being made for a gift over in case of the death of the grandchildren without issue before reaching the age of twenty-one years, the annuity to the son-in-law remains a charge upon the real property after the expiration of the period set for the division of such real property.

*Dunham* v. *Deraismes,* 29 App. Div. 432, reversed.

(Argued October 17, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 16, 1898, reversing an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thorndike Saunders* for appellant. It is plainly and independently declared and clearly inferable from the provisions of the will that the annuity to plaintiff during his life is a charge on the real estate. (*Crawford* v. *McCarthy,* 159 N. Y. 514; *Buchanan* v. *Little,* 154 N. Y. 147; *Clay* v. *Wood,* 153 N. Y. 134; *Hoes* v. *Van Hoesen,* 1 N. Y. 124; *Goddard*

v. *Pomeroy*, 36 Barb. 547; *Bevan* v. *Cooper*, 72 N. Y. 317; *McCorn* v. *McCorn*, 100 N. Y. 511; *Briggs* v. *Carroll*, 117 N. Y. 288; *Delaney* v. *Van Aulen*, 84 N. Y. 16; *Stevenson* v. *Lesley*, 70 N. Y. 516.)

*John E. Parsons* for respondents. The will of the testator did not charge the plaintiff's annuity upon his real estate subsequent to the coming of age of his son, Francis John Joseph, at which time the will directed the testator's real estate to be divided among his children and grandchildren, to whom he devised it. (1 Am. & Eng. Ency. of Law, 593, 594; *Bevan* v. *Cooper*, 72 N. Y. 317; *Reynolds* v. *Reynolds*, 16 N. Y. 257; *Tallman* v. *Tallman*, 3 Misc. Rep. 465; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Cunningham* v. *Parker*, 146 N. Y. 29; *Keeling* v. *Brown*, 5 Ves. 359; *Warren* v. *Davies*, 2 M. & K. 49; *Delaney* v. *Van Aulen*, 84 N. Y. 16.)

CULLEN, J. This action was brought to declare an annuity bequeathed to the plaintiff by the will of John F. J. Deraismes a lien upon the real estate devised by said testator to his children and grandchildren. It is doubtless true that the personal estate of a testator is not only the primary, but the sole, fund for the payment of legacies, unless the testator has charged such payment upon his realty either exclusively or in aid of the personalty. That intent must be manifested by the will itself, or in certain cases may be made to appear by proof of extrinsic facts, such as the condition of the testator's estate at the time he made the will. (*McCorn* v. *McCorn*, 100 N. Y. 511; *Briggs* v. *Carroll*, 117 N. Y. 288.) In the present case there is no proof of any inadequacy of the personalty to satisfy the plaintiff's annuity and the other legacies. Therefore, for the plaintiff to succeed in his claim, reliance must be placed on the face of the will. It is not necessary, however, to charge a legacy on the realty that there should be express direction to that effect in the will; it is sufficient if such be the intent of the testator to be gathered from all its provisions. (*Taylor* v. *Dodd*, 58 N. Y. 335; *Kalbfleisch* v. *Kalbfleisch*, 67 N. Y.

354.)   In the two cases cited this court rested its conclusion that the testator intended to charge the legacies on the real estate on the presence in the wills then before the court of a power of sale of the real estate given to the executors, for which there appeared in the will no other sufficient purpose. At the same time it has been held that the mere blending of the personalty and realty in a general residuary clause is not sufficient to charge the legacies on the realty. (*Brill* v. *Wright*, 112 N. Y. 129.)   Bearing in mind these general rules, we now come to the examination of the various provisions of Mr. Deraismes' will.

In the second clause of the will the testator, after giving his widow his household furniture and certain other personal property, bequeaths to her an annuity of $4,800 during her natural life, to be paid quarterly by his executors, and in express terms charges the rents and profits of his improved real estate in the city of New with its payment during such period.   The other provisions of this clause are immaterial to the disposition of the question before us.   By the third clause of the will the testator bequeaths to the plaintiff an annuity of $300 during his natural life, to be paid by his executors quarterly.   By the sixth clause of the will he devises all the rest and residue of his real estate to his children and two grandchildren (the children of a deceased child), to be divided between them when his youngest son shall arrive at the age of twenty-one years or at his decease if he should die before attaining that age.   He then directs that his executors immediately upon his decease take possession and control of all the real estate devised by this clause, receive the rents, issue and profits thereof, and after paying out of the same all taxes, assessments, repairs and expenses, "also the said annuity herein given to my said wife and the said annuity given to my son-in-law, Robert Emmet Dunham;" to credit the balance or remainder quarterly to his said children and grandchildren. The seventh clause provides for the application of such part of the balance of the income as may not be necessary for the support of the devisees to making improvements on testator's

real estate. The eighth clause makes provision for the guardianship for such of the devisees as may be infants. By the ninth clause the testator gives and bequeaths unto said children and grandchildren, naming them, all the rest and residue of his personal estate, to be divided equally between them, except that the two grandchildren are to take but one share, and provision is made for a gift over in case of their death without issue before attaining the age of twenty-one years.

From this analysis of the will it appears that the real estate was to be held in trust until the youngest son of the testator should become of age (if he should live so long), a period of over sixteen years from the death of the testator and of eighteen years from the execution of the will, while the personal estate was immediately distributable upon the testator's death, except the share given to the grandchildren, which would necessarily be retained by the executors to await the contingency of those legatees dying under age and without issue. For this same period of sixteen years the income from the real estate was to be applied to the plaintiff's annuity. It seems to us that to assume the testator meant that this annuity should be paid for this long period out of the income of the realty, and then on the arrival of the youngest son at age or at his death the burden of its payment should be shifted to the personalty, the distribution of which was to be made immediately upon the testator's decease, would be to ascribe to him a most unreasonable intent. It is said that only the residue of the personalty is bequeathed to the children and grandchildren, and that a sum sufficient to produce this annuity might have been retained from the personalty at the time of its distribution. We do not think that this suggestion sufficiently answers our objection to this construction of the will. If it were adopted it would follow that the fund would have necessarily to be held for sixteen years to await the contingency of the annuitant surviving the termination of the trust of the real estate, during that time to serve no other purpose and its income to be divided among the legatees. It is urged that at

the termination of the trust the real estate is, in terms, given absolutely to the devisees. This is true, but surely the gift was subject to the annuity to the widow; for this is in equally express terms charged upon such real estate. There would be much force in the argument that the fact that the widow's annuity is in terms charged on the realty while no such provision is found as to that of the plaintiff indicates an intent not to so charge the latter were it not that in the sixth clause of the will these two annuities are grouped together and their payment directed from the income of the real estate. This latter fact tends to show that it was not intended to make any distinction between the two. It is also contended that the devise to the children is found in the will subsequent to the bequest of the plaintiff's annuity and that if there is inconsistency between the two provisions the latter must prevail. We think there is no inconsistency. This question seems to be disposed of by the decision of this court in *Buchanan* v. *Little* (154 N. Y. 147). In that case there was a gift of the estate, real and personal, in trust, first, to pay two annuities during the lives of the annuitants, and then to divide the remainder of the income between the testator's two daughters, and upon the death of the daughters the testator gave all his property, real and personal, to their children. It was held, reversing the court below, that despite this broad language, " all my property, both real and personal," the annuities survived the termination of the trust and constituted a lien on the estate in the hands of the ultimate devisees and legatees, which could be discharged by paying the annuitants the value of their respective annuities. In conclusion, we can only say that the scheme of this will is in our judgment inconsistent with any other intent than that the annuity should be paid out of the real estate or its income.

The judgment of the Appellate Division should be reversed, and that of the Special Term modified so as to declare that the plaintiff's annuity is a charge on the real estate in the hands of the defendants; that the plaintiff recover of the defendants the amount of such annuity which has accrued

and is unpaid, and that the said lien may be discharged and satisfied upon paying the present value of the annuity, with costs to the appellant in all the courts.

BARTLETT, VANN and WERNER, JJ., concur; PARKER, Ch. J., GRAY and MARTIN, JJ., dissent.

Judgment reversed, etc.