CENTRAL TRUST COMPANY OF NEW YORK, as Substituted Trustee under the Will of JASON ROGERS, Deceased, Respondent, *v.* THOMAS ROGERS et al., as Executors of and Trustees under the Will of THOMAS ROGERS, Deceased, et al., Respondents, and ALBERT FALCK et al., as Executors of FLORA E. ROGERS, Deceased, et al., Appellants.

*Central Trust Co. of N. Y. v. Falck*, 177 App. Div. 501, affirmed. (Argued May 8, 1918; decided May 28, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 26, 1917, modifying and affirming as modified a judgment of Special Term construing the will of Jason Rogers, who died in 1861, and settling the

accounts of the substituted trustee under said will by which testator gave an annuity to his wife; gave certain specific property to his son and erected separate trusts of specific property for each of two daughters for the life of each with remainder to her issue if any, and if none said trust estate to fall into testator's residuary estate. The residue of the estate, real and personal, was given to trustees to hold an equal one-third share thereof in trust for each of the two daughters for life, with remainder outright to their issue, and the other one-third share in trust for the son, during the life of the widow and until the youngest daughter should reach twenty-one years of age, and then outright to the son, or, if he die before receiving his share, then outright to his issue. The will further provided: " *Eighteenth.* In case of the decease of either or any of my said children without leaving lawful issue, then the share of such deceased child or children shall fall into and be a part of the residue of my estate, and the share of the survivor or survivors, or of the lawful issue of my said children be proportionately increased thereby." The wife died in 1891, having received the annuity provided for her during her life. One daughter died in 1907, leaving issue; the son Thomas died in 1908, leaving issue; and two-thirds of the testator's estate was distributed under the will to them or their issue. The present controversy relates only to the share of the remaining child, who died in 1913, without issue. The appellants contended and the court at Special Term held that the provisions of the will disposing of the remainder of said daughter's " share " of the estate after her death without issue are illegal as in violation of the statutes against perpetuities. The Appellate Division reversed the Special Term, holding the will valid.

*Albert Falck* for executors of Flora E. Rogers, deceased, appellants.

*Millard H. Ellison* and *W. Rogers Westerfield* for Jason R. Westerfield et al., appellants.

*John J. Lordan* for John R. Westerfield, appellant.

*Lewis H. Freedman* and *Francis C. Nickerson* for plaintiff, respondent.

*Douglas Campbell, Edward Harding, Dean Emery, Robert W. Crawford, Albert F. Hagar* and *Edward Winslow Paige* for defendants, respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ.