CHARLES BURNHAM SQUIER, Plaintiff, *v.* AUGUSTUS S. HOUGHTON and Another, Impleaded with Others, Defendants.

Supreme Court, New York County, December 29, 1927.

**Injunctions — temporary injunction to restrain prosecution of probate proceeding in New Jersey vacated where doubt exists whether plaintiff ever had rights which he claims.**

The temporary injunction granted plaintiff in this action for breach of a trust by which the prosecution of probate proceedings in New Jersey in connection with a will has been restrained, should be vacated, where it is doubtful that plaintiff ever had the rights which he now claims, and where the continuance of the injunction would weigh heavily on defendants without benefiting plaintiff to any appreciable extent.

MOTION by the plaintiff for an injunction *pendente lite.*

*Frank Hendrick,* for the plaintiff.

*Ferris, Shepard, Joyce & McCoy [Woolsey A. Shepard* of counsel], for the defendants.

FRANKENTHALER, J. The general nature of the suit has been set forth in disposing of the defendants' motions to dismiss the complaint. (131 Misc. 129.) The facts before me here are substantially the same as on the defendants' motions. The temporary restraint contained in the order to show cause has already been modified by vacating the portion that restrained the prosecution of probate proceedings in New Jersey in connection with the will of Edwin M. Squier and also by granting permission to the temporary administrators of Edwin M. Squier's estate to pay taxes and other charges. I am of opinion that for several reasons the motion should be denied.

In the first place, it is exceedingly doubtful whether the plaintiff *ever had* the rights which he now claims. The true construction of the will of William C. Squier and the question of whether the will of Catherine C. Squier operated as a valid exercise of the power of appointment vested in her are, of course, matters of New Jersey law. The affidavits submitted for and against the motion hardly furnish a satisfactory basis for a determination by this court of the New Jersey law on those subjects. Not only are they entirely too meager to do justice to the difficult situation presented, but they are hopelessly conflicting — so much so, indeed, that if this court is to attempt to arrive at the proper interpretation of the various wills involved it can only do so by assuming that the common-law rules applied by our courts prevail in New Jersey as well. (*Monroe* v. *Douglass,* 5 N. Y. 447.) Upon this assumption it seems

Misc. 136]            Supreme Court, December, 1927.

reasonably clear that the half shares directed to be paid over at once to three of the testator's sons, Edwin M. Squier, Stuart C. Squier and Frederick C. Squier, as distinguished from the shares directed to be held in trust, became their absolute property, and that the plaintiff's claim that these estates were merely legal life estates has no foundation. As to the shares held in trust it would also seem that the remainders given to the surviving brothers upon the death of a life tenant without issue were intended by the testator to be remainders in fee simple, despite the presence of one clause which may tend to bear out the plaintiff's version that such estates were merely secondary life estates. The interpretation placed by plaintiff upon the will of William C. Squier seems to me a strained and unnatural one. And it is an open question whether the will of Catherine C. Squier, under all the circumstances, was or was not intended as an exercise by her of the power of testamentary disposition over the portion of the estate held for her life. Where there is such grave doubt as to the existence of the plaintiff's rights a temporary injunction will not issue. (*Gambrill Mfg. Co.* v. *American Foreign Banking Corp.*, 194 App. Div. 425.)

In the second place, even if the plaintiff's interpretation of the two wills is correct, the existence of his rights *at the present time* is at least questionable. In the course of the last fourteen years several of the life estates or trusts for life have terminated. In every case the funds were distributed according to the construction placed upon the wills by the trustees, without objection by the plaintiff. In some instances distribution was by agreement without court action, while in one instance the accounts of the trustees were approved by a New Jersey court in a proceeding to which the plaintiff was a party. He was an adult at all the times mentioned and, on one occasion at least, had independent counsel. No feeling of confidence between him and the defendants appears to have existed. His present charges of fraud, without giving specifications, are not impressive. Under such circumstances it seems probable that he is now barred by acquiescence and estopped from asserting that all of these distributions, participated in and consented to by him, were contrary to his rights. (*Chester* v. *Buffalo Car Mfg. Co.*, 183 N. Y. 425; *Steinway* v. *Steinway*, 163 id. 183; *Ledyard* v. *Bull*, 119 id. 62; *Central Trust Co.* v. *Falck*, 177 App. Div. 501; affd., 223 N. Y. 705.) The balance of convenience is also with the defendants. The continuance of the injunction will result in the tying up of property of very large and fluctuating value. No necessity for this is shown. The defendants are not said to be insolvent or unable to respond to any judgment that might eventually be entered against them.

The situation is, therefore, one where the continuance of the injunction would bear heavily on the defendants without benefiting the plaintiff to any appreciable extent.   In view of the foregoing it is unnecessary to advert to the further defenses of _res adjudicata,_ Statute of Limitations and release asserted by the defendants, which tend only to cast further doubt upon the plaintiff's alleged rights.   The motion for a continuance of the injunction contained in the order to show cause will be denied.