In the Matter of the Accounting of ADOLPH PEINECKE, as Executor of REGINA LENNON, Deceased.

Surrogate's Court, Richmond County, May 17, 1949.

*Herbert O. Burden* for executor, petitioner.

*Angelo Costantino* for Alfred Leonhardt, as administrator of the estate of Henry Schafer, deceased.

*William C. Casey,* special guardian for Bertram Bender, an incompetent.

*John P. McGrath, Corporation Counsel* (*Philip Sokol* of counsel), for Commissioner of Welfare of City of New York, assignee.

*Nathaniel L. Goldstein, Attorney-General* (*Anthony P. Rusin* of counsel), for Central Islip Hospital.

BOYLAN, S. By the second and third paragraphs of her will, the decedent created two separate trusts for her grandchildren, Frederick Bender, Jr. and Bertram Bender until they attained the age of twenty-one years and both have attained their majority. In creating these trusts the decedent used the words '' I give and bequeath '' but did not use any words of devise. The residuary clause contained in paragraph fifth directs that the executor divide all the rest, residue and remainder of the decedent's property, both real and personal, into six equal parts, two of the parts for a daughter, Bertha Latz, two for a daughter, Mrs. Joseph Hoffman, one in trust for her grandchild Frederick Bender, Jr. until he reaches twenty-one years of age, and one in trust for a grandchild, Bertram Bender, until he reaches twenty-one years of age. A power of sale is contained in paragraph six of the will.

As the decedent did not possess any personal property at the time of her death, the executor requests the court to determine whether or not the bequests set forth in paragraphs second and third are charges on the real property. The proof submitted to the court indicates that when the testatrix executed the will in 1925, she likewise did not have any personal property from which to pay these bequests.

The general rule is that legacies are payable out of the deceased's personal estate only. (*Ely* v. *Megie,* 219 N. Y. 112, 127; *Wiltsie* v. *Shaw,* 100 N. Y. 191, 194; *Taylor* v. *Dodd,* 58 N. Y. 335, 343.) This rule is not an absolute rule of law. The personal estate may be entirely relieved of the payment of legacies; or the payment thereof may be made a charge on the realty. " It is doubtless true that the personal estate of a testator is not only the primary, but the sole, fund for the payment of legacies, unless the testator has charged such payment upon his realty either exclusively or in aid of the personalty." (*Dunham* v. *Deraismes,* 165 N. Y., 65, 66.) Such charge either in exoneration or in aid may be found from express direction to that effect contained in the will. (*Dunham* v. *Deraismes, supra.*) In the absence of an express direction to charge legacies upon the realty of the estate, such direction may be implied.

" Whether a legacy is charged upon the real estate of the decedent is always a question of the testator's intention. The language of the will is the basis of the inquiry, but extrinsic circumstances which aid in the interpretation of that language and help to disclose the actual intention, may also be considered." (*McCorn* v. *McCorn,* 100 N. Y. 511, 513; see, also, *Briggs* v. *Carroll,* 117 N. Y. 288; *Brill* v. *Wright,* 112 N. Y. 129, and *Bevan* v. *Cooper,* 72 N. Y. 317.)

Where an intent to charge is found either express or implied, it is presumed to be in aid of the personality, and the personal property of the testator must first be exhausted before resort may be had to the realty. (*Turner* v. *Mather,* 86 App. Div. 172, 176, affd. 179 N. Y. 581.)

In seeking to determine whether a legacy, not expressly declared to be a charge upon the testator's realty, is nevertheless charged by implication upon the real property which has not been specifically devised, the following circumstances have been enumerated by the Court of Appeals in the case of *Carley* v. *Harper* (219 N. Y. 295) as indicative of the actual intent of the testator:

1. The relation of the beneficiaries of the will to the testator is not to be overlooked and the presumption favors children rather than strangers. (*Matter of Mould,* 236 N. Y. 582.)

2. The condition of testator's estate as he knew or believed it to be at the time he made his will may reveal a deficiency of personal property so great and so obvious as to preclude any possible inference other than that he intended to charge the legacies upon the real estate. (*Ely* v. *Megie,* 219 N. Y. 112, 113, *supra; Briggs* v. *Carroll,* 117 N. Y. 288, 292, *supra.*)

3. The presence of a power of sale of real estate otherwise unnecessary may help the legatees.

4. The blending of real and personal property in the residuary clause is indicative of an intent to charge the realty. (*Matter of Mould, supra; Matter of Lummis,* 101 Misc. 258, 270.)

5. The direction to the executors to pay the transfer tax or the legacies from the residue is a circumstance suggesting that the legacies should be paid in full.

6. Subsequent reduction of personal property and increase of real estate has a bearing on the question.

7. If the will is drawn by a competent lawyer the failure expressly to charge the legacies upon the real estate should be, but perhaps is not, as significant a circumstance as any.

Each of the above is but a presumption. The testamentary intent is to be ascertained from a reading of the will as a whole.

It appears that there is a power of sale contained in the will and that there is no distinction made between real and personal property in the residuary clause. The proof submitted to the court indicates that at the time testatrix executed her will and at the time of her death there was a complete deficiency of personal property. Since the testatrix did not expressly charge the real estate with the payment of the legacies, nor indicate expressly that the legacies were not to be a charge on the real estate, the presumptions referred to in the paragraph next above must prevail, and the legacies are declared to be a charge upon the real estate.

Enter decree judicially settling the account and in accordance herewith.