In the Matter of the Construction of the Will of Rose VIGLIOTTI, Deceased.

Surrogate's Court, Richmond County, May 2, 1950.

*Thomas Schleier* for John Vigliotti, as executor of Rose Vigliotti, deceased.

*Emil J. Reigi* for Jennie Vigliotti.

BOYLAN, S. By the " Third " paragraph of her will, the testatrix bequeathed $200 to each of five children and stated " which sum shall be paid to them by my son, John Vigliotti, in place of their share in my Granite Avenue property."

The " Fourth " paragraph of the will reads as follows: " Fourth ":— I hereby give, devise and bequeath outright and forever subject to conditions hereinabove stated in paragraph " Third ", to my beloved son, JOHN VIGLIOTTI, the parcel of land and two family house thereon known as #32 Granite Avenue, Staten Island, New York, together with the household furnishings, furniture and all my personal effects therein contained. I desire it to be known that I give premises #32 Granite Avenue, Staten Island, New York to my son, JOHN VIGLIOTTI, because he has agreed and promised to care for and provide a home for my beloved daughter, ELIZABETH VIGLIOTTI, who is not able to care for herself."

The question presented is whether John Vigliotti receives the parcel of land and the two-family house known as No. 32 Granite Avenue absolutely and outright subject only to payment by him of the legacies specified in paragraph " Third " or whether he receives a limited and conditional estate which cannot be alienated as long as Elizabeth Vigliotti remains alive. The " Fourth " paragraph evidences a clear and distinct purpose on the part of the testatrix to give her son John the parcel of land and the two-family house subject only to the payment of the legacies set forth in paragraph " Third ". By the latter part of paragraph " Fourth " the testatrix merely expresses a desire that it be known why she gave the land and house to John. This latter portion is ineffectual to reduce the devise from an absolute gift to a limited or conditional estate. This wish does not supersede the prior positive gift of absolute title (*Weber* v. *Kress,* 198 App. Div. 687; *Matter of Wildenburg,* 174 Misc. 503).

The bequests set forth in paragraph " Third " are charges upon the real estate devised to John. (*McCorn* v. *McCorn,* 100 N. Y. 511; *Matter of Lennon,* 196 Misc. 117.)

If a valid agreement is established between the decedent and John for the care of her daughter Elizabeth, and John refuses to live up to the terms of the agreement then Elizabeth will have an action against him for damages for failure to perform. However, this fact does not in any way affect or encumbrance the absolute devise to John.

The court holds that by paragraph " Fourth " John Vigliotti obtained an absolute devise to the parcel of land and two-family house known as No. 32 Granite Avenue, charged only with the payment of the $200 legacies to Jennie Vigliotti, Catherine Desiderato, Tessie Vigliotti, Dominick Vigliotti, Vivian LaManna, as set forth in paragraph " Third " of the will.

**Enter decree in accordance herewith.**