Michael J. Montesano, J.
This is a motion by the plaintiff for an injunction pendente lite. The complaint and affidavits submitted by plaintiff allege, in substance, that he was induced by the false and fraudulent representations of the defendant to sell certain shares of stock of the Alox Corporation registered in his name, which he had previously purchased upon the recommendation of the defendant for the sum of $20 per share; that the defendant falsely represented to the plaintiff that he (the defendant) had arranged to sell shares of stock which he owned in the same corporation for the same price per share, and concealed he then had, or was about to enter into a contract for the sale at a price greatly in excess of $20 per share. He further alleges that, contrary to the alleged representations, the defendant in fact sold the stock for a substantially larger sum — $94.235 per share. Two hundred fifty thousand dollars, part of the agreed purchase price, was paid in cash and for the balance the defendant accepted stock of the Montgary Explorations, Ltd., the greater part of which he contracted to sell to the Denron Corporation, Ltd., at $3.50 per share (the latter two are Canadian corporations).
The defendant denies the material allegations contained in plaintiff’s moving papers. It is his claim that the plaintiff loaned the defendant a sum of money, which he used to purchase the Alox stock, evidenced by a promissory note signed by the defendant and his brother Philip and delivered to the plaintiff, which was later paid in full from the cash proceeds of the sale of the Alox stock to Montgary. He admits the certificates of stock of the Alox Corporation were issued and registered in the plaintiff’s name, but this, he urges, was solely for the plaintiff’s convenience and in accordance with an arrangement between them. The plaintiff was never in fact the actual owner of the stock; they were owned by plaintiff as collateral security for the loan. A $75 dividend paid to the plaintiff as the registered owner of the stock the defendant alleges was repaid to him by plaintiff’s check bearing an indorsement to that effect. Upon delivery of the stock he made no promise to pay plaintiff at the rate of $20 per share; he paid the plaintiff $8,400, a sum equal to the loan evidenced by the note, plus interest approximately to the date of payment, so defendant claims.
The supporting papers and the documentary evidence support the defendant’s version of the facts. The plaintiff’s papers likewise seemingly support his position. The factual issues in dispute on this motion, however, present sharp and hopelessly irreconcilable conflicts, susceptible of various inferences. The plaintiff alleges that he “ will suffer irreparable loss and injury *373 and the judgment of this court will be rendered ineffectual ” unless an injunction issue. The defendant is not shown to be insolvent or otherwise unable to respond to a money judgment that might ultimately be rendered against him, nor do the moving papers disclose why a judgment against the defendant would be ineffectual. (Civ. Prac. Act, § 878, subds. 1, 2.) Well grounded though they may be, there is, however, nothing in the moving papers to support the plaintiff’s fears and suspicions that defendant might dissipate the funds or flee the jurisdiction of this court. The plaintiff’s allegations in these respects are conclusory and not factually supported.
On the other hand, the defendant alleges that should an injunction now issue, it might seriously jeopardize his rights under the Denron Corporation contract, and cause him irreparable injury. The defendant might be placed in the position where he could not carry out the terms of the contract on the delivery date, and the buyer might thereby have cause to rescind the contract, and in consequence thereof, not only the defendant but the plaintiff, if it is ultimately determined that he is entitled to a money judgment, would sustain a very substantial money loss, so defendant urges.
From the papers submitted it does not appear, nor can I reasonably conclude therefrom, that the plaintiff has established a clear right to the injunctive relief which he seeks pending the trial. ‘ ‘ No injunction pending a trial should be issued where the right to it is doubtful, and especially if the damages that would be caused thereby to the defendant would be far greater than those suffered by the plaintiff if the relief was denied.” (Brower v. Williams, 44 App. Div. 337; Lakes Is. Realty Co. v. McDermott, 96 Misc. 37, 41.)
The contract entered into between the defendant and the Denron Corporation, Ltd., whereby the corporation has agreed to purchase 75,000 shares of Montgary Explorations stock at $3.50 per share, provides for its delivery and the payment of the purchase price on November 11, 1956. The moving papers allege and it is undisputed, that the market price for this stock is presently $2.50 per share. The difference of $75,000 between the contract purchase price and the present market price might well be lost to the defendant if this injunction issues. In such circumstances, an injunction would bear heavily on the defendant without correspondingly or appreciably benefiting the plaintiff, even though plaintiff, if successful, would proportionately share in this loss. (McClure v. Leaycraft, 183 N. Y. 36, 44; Giordano v. Dellwood Dairy Co., 153 Misc. 54; Squier v. Houghton, 131 Misc. 136.)
*374 The plaintiff’s complaint, though it demands various forms of relief, fairly read, is nonetheless one for a money judgment against the defendant (Greenberg v. Greenberg, 104 N. Y. S. 2d 726, 730). An injunction pendente lite is not warranted or issued when all the successful party may ultimately recover is a money judgment. (See Babho Realty Co. v. Feffer, 230 App. Div. 866, and cases therein cited.)
Weston v. Goldstein (26 Mise. 171) and Bonos County Trust Go. v. O’Connor (220 App. Div. 340) are of no aid to the plaintiff on this motion. In the former, an injunction pendente lite was granted enjoining the transfer of a certificate of stock, a specific and identifiable “ subject of the action the plaintiff sought no money judgment or other relief, save an accounting of the dividends. In the latter the facts disclosed that the defendants were about to leave the jurisdiction of the court and had dissipated part of the funds, and threatened to dissipate the remaining balance, thus rendering them judgment proof. The plaintiff was, under such a showing, entitled to an injunction pending the trial. (Civ. Prac. Act, § 878.) Sautter v. Fulmer (258 N. Y. 107) and other cases cited by plaintiff undoubtedly apply if plaintiff’s proof at the trial warrants recovery, but not at this stage of the proceedings.
While I have alluded to various statements and allegations in the moving papers, I have and express no opinion on the merits of the controversy, and nothing contained in this memorandum should be so construed. The disputed issues will be litigated and decided upon the trial, where the parties will have ample opportunity to offer evidence in support of their respective contentions.
Plaintiff’s motion for an injunction pendente lite is denied, without costs. However, in the circumstances, an early trial should be had and I, therefore, direct that the cause be placed on the October 22, 1956 Day Calendar to be assigned for trial by the court presiding in Part IV.
Enter order accordingly.