Van- Voorhis, J. (dissenting in part).
The retroactive commutation of the annuity belonging to decedent’s second husband is contrary to law, in my opinion, and deprives him of property without due process of law in violation of the Federal and State Constitutions. It has previously been held that by means of an inter vivos trust and the exercise by will of a reserved power of appointment, the late Jean Ferris d’Espinay established a valid annuity of $25,000 for the benefit of her husband, commencing upon her death September 19, 1941. The estate of Mrs. d ’Espinay has been involved in litigation during the intervening 16 years, with the consequence that this annuity has not been paid. The right of the annuitant to receive the installments due under the annuity became fixed and vested on the several anniversary dates (Kearney v. Cruikshank, 117 N. Y. 95). Neither by her trust instrument nor by her will did Mrs. d’Espinay direct or mention the commutation of this annuity. The idea of commutation was first proposed, not by Mrs. d’Espinay, but by the Appellate Division in March, 1950, in deciding an appeal in a former appeal in this proceeding. The Appellate Division then said: “ As annuitant, d’Espinay does not have any right to elect to take his annuity in a capital sum; but on *79 disclosure of all relevant facts and figures, if the court then deems it advisable for the interests of the children, primary object of the settlor’s bounty, the court may compute and determine the commuted value of the annuity in the hands of the trustee” (276 App. Div. 990, 992, affd. without opinion 302 N. Y. 752). Although that decision determined that commutation of the surviving husband’s annuity could be directed by the court, it did not decide whether commutation should be directed, nor as of what date commutation could be directed if it were to be deemed advisable. The previous appeal held that the power to commute existed, but left the advisability and manner of its exercise to be determined in the litigation now before the court.
These aspects were carefully and thoroughly considered by the Referee to whom this matter was referred to hear and report. He recommended that the annuity be commuted, but remarked that ‘ ‘ It was not until the Appellate Division raised the question in its opinion that commutation * * * was first considered ”, and made his computations as of April 12, 1951, which is the date when the Appellate Division’s order was affirmed by the Court of Appeals (302 N. Y. 752). He recommended recovery of accumulated unpaid annuity installments of $25,000 a year, minus the allocable share of the estate tax, which had accrued on each anniversary of the settlor’s death until September 19,1951. The Referee commuted future installments into a lump sum as of that date, which was the anniversary date of the settlor’s death nearest to the date of the decision by the Court of Appeals.
The Referee devoted many pages of his report to the correct date of commutation, stating:
“ Commutation is thus prospective in operation. The annuitant never had the use or benefit of these accrued installments and should not be compelled to accept at this late date the accrued installments, discounted to the date of the settlor’s death, which would be the result if commutation were decreed as of that date.
‘ ‘ I have found no case nor has any been cited to me wherein the Court has commuted an annuity nunc pro tunc to the date of death of the testator or donor, where accrued installments had already become payable under the terms of the will or trust instrument.”
*80 Cases were cited where annuities have been commuted currently but not retroactively: (Buchanan v. Little, 154 N. Y. 147,152; Dunham v. Deraismes, 165 N. Y. 65, 70; Central Trust Co. v. Falck, 177 App. Div. 501, affd. 223 N. Y. 705; People’s Trust Co. v. Flynn, 188 N. Y. 385; Matter of Fenton, 123 Misc. 658, affd. 214 App. Div. 754; Matter of Chambers, 167 Misc. 843, 845-846; cf. Rules Civ. Prac., rule 30, providing for commutation when a gross sum is payable at the “ then value of an annuity”).
The Beferee’s report was confirmed by Special Term, whose order was appealed to the Appellate Division which upheld commutation of this annuity, but computed it retroactively to the date of the settlor’s death on September 19, 1941. Betroaetive commutation reduced the annuitant’s recovery, according to respondents, by $105,542.66, and more than this sum according to appellant. The reason assigned by the Appellate Division for this modification is that the date of Mrs. d’Espinay’s death is certain, whereas the time when a court decree is entered is largely fortuitous, depending upon the varying circumstances of individual cases.
In my view, the reasoning of the Beferee is correct. The purpose in commuting an annuity is not to add or subtract from the amount which the testator or settlor has given to the annuitant, but to arrive at a capital sum presently payable which is equivalent in value to the annuity, taking into account an estimate of the uncertainties of human life from the time of commutation into the future. The object of commuting an annuity is convenience, to facilitate dispositions of property which otherwise would be liable to be frustrated by the complications of wills and trusts. Where an annuitant survives the termination of the measuring lives of a trust, for example, it is convenient to pay off the annuitant in a lump sum so as to enable the balance of the corpus to be paid to the remainder-men. The annuitant receives the equivalent in value of his annuity, insofar as that is capable of being computed. In order to reach that result, commutation has to be computed according to the mortality tables as of the date when the lump sum payment is made or directed to be paid.
Computing the capital equivalent as of an earlier date is a contradiction in terms. That is to say, the lump sum cannot be equivalent in value to the annuity if it is computed as of *81 some previous time. That is inherent in the fact that the longer a person lives, the greater becomes his probable life span. A year that is lived out reduces life expectancy by less than one year. To illustrate, as the Eeferee pointed out, this annuitant was 39 years old when the settlor died in 1941. On the basis of the American Experience Table of Mortality, he then had a life expectancy of 28.9 years, but in 1951, his life expectancy had been reduced only to 21.63 years. In other words, the uncertainties attendant upon whether he would survive during an additional decade had been resolved in his favor so that when he became 49 years old, his probable life span had been enlarged by 2.73 years. The length of the life span of a person is, of course, the important variable in determining the value of an annuity.
If this decedent had provided for commutation by will or trust instrument, it may well be that commutation as of the date of her death would have been proper. She did not do so. She made no provision for commutation. She gave to her husband an annuity in a specified amount which has become a vested property right that no court has the power to abridge. All that a court can do is to arrive at a monetary equivalent of the annuity. Not only did the decedent fail to provide for commutation but, as the Eeferee observed, until the decision by the Appellate Division in 1950, "throughout this litigation no question was ever raised by any of the parties concerning the commutation of the d’Espinay annuity.”
It necessarily follows that where commutation is directed by the court and not by the testator or settlor, the date as of which commutation shall be made is the anniversary nearest the date of the court’s decree. There could be no such thing as retroactive commutation unless the court had power to make a new will or to change the trust indenture. The court could not direct in its discretion, for instance, that the value of the d’Espinay annuity be reduced by computing it as of the death of his wife in 1941 for the reason (argued in respondent guardian’s brief) that he may have imposed upon her by marrying her under an assumed name.
The correct procedure was followed in Dunham v. Deraismes (supra, p. 69) where an annuity payable from the death of a testator had not been paid during 15 years. The court ordered ‘' that the plaintiff recover of the defendants the *82 amount of such annuity which has accrued and is unpaid, and that the said lien may he discharged and satisfied upon paying the present value of the annuity ”, That is the only manner in which a court is empowered to order commutation.
The Referee erred, I think, in directing that commutation be made as of the anniversary date nearest to the decision by the Court of Appeals upon the former appeal (302 N. Y. 752), instead of the date of the order or judgment to be entered in conformity with his report. It will be recalled that the former decision did not order that this annuity be commuted, but merely held that Special Term would have power to commute it in the proceeding which is now sub judice.
Commutation has not been directed by the order or judgment of any court prior to the entry on September 22, 1954 of the order confirming the Referee’s report, which is under review. Consequently this annuity should be commuted as of the anniversary date of Mrs. d’Espinay’s death which is nearest to the date of the entry of that order, viz., the anniversary which falls on September 19, 1954.
The order appealed from should be modified in accordance with this opinion, and, as so modified, affirmed.
Conway, Ch. J., Dye, Fuld and Burke, JJ., concur with Desmoed, J.; Van Voorhis, J., dissents in part in an opinion in which Froessel, J., concurs.
Order affirmed.