Edgar J. Nathan, Jr., J.
Motions No. 6, No. 8, No. 11 and No. 29 of March 23, 1960 are consolidated.
In this action for damages for conversion, for an accounting, and for an injunction plaintiffs have moved for injunction pendente lite restraining defendants from disposing of certain securities held as collateral pending final determination of the issues of the action. Defendants have applied for a direction for arbitration of the issues in dispute in the action, and plaintiffs have moved to stay such arbitration. Plaintiffs in addition have moved pursuant to rule 109 of the Rules of Civil Practice to strike certain defenses and counterclaim incorporated in the answer.
The dispute on which the complaint is founded arises out of a transaction between the corporate plaintiff and defendant Millworth Converting Corp. It appeared that the said plaintiff borrowed $55,000 from said defendant, giving therefor a promissory note and assigning as security certain inventory then held by Century Factors, Inc. Presumably the borrowed funds were to repay Century. Under the terms of the note Millworth Converting, in the event of default, had the right to sell the inventory in reduction of the indebtedness. By separate agreement bearing the same date as the note, the individual plaintiffs who are the mother and aunt of Isren Ranter, the corporate plaintiff’s president, “in order to induce Millworth to make the aforementioned loan ”, deposited as security all the capital stock of the plaintiff corporation plus a $10,000 promissory note payable to the order of plaintiff Ranter. The agreement also provided that upon default in any terms and conditions of the aforementioned note, Millworth shall have the right to sell the. property deposited at public or private sale at 10 days’ notice. The principals on the note thereafter apparently agreed that Millworth would dispose of the goods for the corporate plaintiff’s account. After a period of time an account was rendered which the plaintiffs disputed, so that according to plaintiffs a surplus was due rather than a deficiency remaining. Millworth Converting thereupon notified the individual plaintiffs of its intention to sell the collateral pursuant to agreement. It is this sale that plaintiffs seek to prevent at this time by temporary injunction,
*282 Defendants’ president in opposition to plaintiffs’ various applications points to the above-described transactions as part of a “ joint venture ” between him and the corporate plaintiff’s president to sell synthetic fabrics through a corporation organized for such purpose, Millworth Fabrics Corp., the second defendant herein. He calls attention to a stockholders’ agreement entered into approximately two months after the note arrangement between Millworth Converting and the individual plaintiffs, who he says were there as mere nominees of Isren Kanter and, therefore, acting on his behalf, setting forth provisions such as are generally found in such instruments. Arbitration for ‘ ‘ any controversy or claim arising out of or in connection with this agreement ’ ’ is also provided. Since under the agreement, Isren Kanter was to be employed by the new corporation at a fixed salary with certain obligations, he executed a separate instrument agreeing “to be bound by all of the terms * * * pertaining to me.” Defendants, therefore, contend that the current dispute on the loan between the plaintiff corporation and themselves is within the arbitration provisions of this agreement.
Assuming defendants’ contention that Isren Kanter is the real party in interest in the later agreement thus subject to all of its provisions, and that each of the afore-mentioned transactions were mere segments of a joint venture, it cannot be concluded that the dispute at bar is, therefore, arbitrable under the agreement. The stockholders’ agreement in no way evidences an attempt to control every possible dispute between the principals here involved. Its intention is quite clear. Disputes arising out of or in connection with the application of its provisions are arbitrable. Its terms cannot be extended by construction or implication as defendants would have the court do (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288). The fact that a party might have signified willingness to arbitrate some disputes does not bind him to arbitrate all other disputes merely because of the general identity of the adversary interests or the interrelationship of the transactions involved (see Matter of Amsterdam Dispatch v. Devery, 254 App. Div. 233, affd. 278 N. Y. 688). Thus, even were it to be concluded that Isren Kanter was bound by the agreement containing the arbitration clause, it does not logically follow, absent a clear intent to the contrary, that every dispute with defendants involving him individually or in any other capacity must also be arbitrated. The loan and collateral arrangement was entered into considerably prior to the formation of the so-called joint venture. The documents relating: to *283 the former appear to have been carefully drafted, and are silent as to arbitration. The latter document makes no reference to the earlier transactions. Since the instant dispute arises out of the loan agreement, it cannot be deemed arbitrable under the stockholders’ agreement (Civ. Prac. Act, § 1449). Accordingly, plaintiffs ’ motion to stay arbitration is granted and defendants ’ motion to compel arbitration is denied.
With respect to plaintiffs’ application for an injunction pendente lite, it would appear that since the parties are in dispute as to whether there was a default on the note, and since that is determinative of whether defendants may sell the collateral, defendants’ threat to dispose of the collateral is such an act which if unrestrained, would render at least in part any judgment plaintiffs might receive as ineffectual (Civ. Prac. Act, § 878). The argument advanced by defendants that there has in fact been a default, and therefore a right to sell, merely begs the question. Under these circumstances, it would appear that maintenance of the status quo is advisable (Weston v. Goldstein, 26 Misc. 171, affd. 39 App. Div. 661). Motion for temporary injunction is, therefore, granted, upon the posting of a surety company bond in an amount to be approved by the court on the settlement of the order.
As for plaintiffs’ motion to strike certain portions of the answer, it is granted insofar as striking the second affirmative defense of arbitration, and otherwise denied. New parties may be brought into the action on a counterclaim where it appears that the counterclaim raises questions between the defendant and the plaintiff along with the new persons brought in (Civ. Prac. Act, § 271; Walker v. Man, 142 Misc. 293). Thus despite the fact that Isren Kanter individually is not a plaintiff, defendants may make him a party on a counterclaim so long as facts are alleged upon which affirmative relief on the counterclaim can be granted against plaintiffs as well as the party brought in (Williams v. Tompkins, 208 App. Div. 574). This appears to have been done by defendants here.
Motions disposed of as heretofore directed. Settle order accordingly.