ALBERT ROLNICK et al., Plaintiffs, *v.* JACOB ROLNICK et al., Defendants.

Supreme Court, Special Term, Queens County, June 11, 1962.

*Robinson, Silverman, Pearce & Aronsohn* (*David H. Shapiro* of counsel), for plaintiffs. *Joseph J. Schwartz* for defendants.

HAROLD J. CRAWFORD, J. In an action to impress a constructive trust upon the stock of the defendant corporations, the plaintiffs move for an injunction *pendente lite* restraining and enjoining the individual defendant from transferring or encumbrancing any of the stock of the defendant corporations or the properties owned by the said corporations and further move for the appointment of a receiver to take custody and preserve all of the assets of the defendant corporations.

It is alleged that the plaintiffs and the individual defendant are the children and heirs at law of one Nathan Rolnick, deceased; that the corporate defendants are all domestic corporations owning and operating various real properties located in the City of New York with an aggregate value of approximately $1,500,000; that the decedent was the owner of all of the issued and outstanding stock of the defendant corporations; that a short time before the death of the decedent, the individual defendant, by means of false and fraudulent representations, caused the decedent to execute blank stock assignments and to

indorse blank stock certificates in the defendant corporations and caused the decedent to deliver these assignments and certificates to the individual defendant to be held in trust for the benefit of the decedent; that the individual defendant fraudulently and without authority caused his name to be inserted in the said stock certificates and assignment forms and that the individual defendant did the aforesaid acts with the fraudulent intent of depriving the decedent and his heirs at law and next of kin of their lawful interest in the corporate defendants.

The individual defendant has filed a verified petition in the Surrogate's Court of Kings County to probate a purported will allegedly executed by the decedent in which the individual defendant is named as executor of the decedent's estate. The said defendant stated in the petition that the decedent left personal property having a value of only $11,430 and no real property. The plaintiffs herein are contesting the probate of the alleged will in the Surrogate's Court.

The defendants oppose the instant motion on the ground that the plaintiffs have no capacity to sue and that, in any event, the injunction should be denied since there is no allegation of intention to transfer the stock or alter the *status quo* and the said defendant has no intention of transferring the stock or altering the *status quo* " unless it becomes necessary to protect their interests against my brother's interference by visits to buildings, collection of rents, acts of intimidation and violence." The defendants oppose the application for the appointment of a receiver on the ground that the application is not made in the judicial district wherein the defendant corporations have their principal offices and that notice has not been given to the Attorney-General. The defendants further contend that the defendant corporations are not being mismanaged and are not in danger of being irreparably damaged.

Ordinarily, a distributee of a decedent's estate has no standing to recover in his own right personal property allegedly transferred by fraud from the decedent during the decedent's lifetime. He may sue, however, where the representative of the estate refuses to bring suit after due demand. Where, as in the case at bar, the representative is the transferee and the alleged wrongdoer, such demand is not necessary. (*Greenfield* v. *Realty Funds*, 14 A D 2d 896; *Kilcoin* v. *Countryman*, 5 A D 717.)

The individual defendant is presently exercising complete control over the defendant corporations and their assets. He therefore has the power to dispose of the assets and the stock of these corporations. Any such disposition would render any judgment the plaintiffs might receive at least partly ineffectual.

Moreover, the individual defendant, in his affidavit in opposition, does not categorically deny an intention to dispose of the stock or assets, but states that he has no such intention " unless it becomes necessary ". This statement is a lightly veiled threat to change the *status quo*. It appears that the granting of an injunction maintaining the *status quo* would in no way burden or prejudice the defendants. The denial of such relief, however, could do irreparable harm and cause substantial prejudice to the plaintiffs. Accordingly, the motion for a temporary injunction is granted on condition that the plaintiffs post a suitable bond. The individual defendant is enjoined from selling, encumbrancing, pledging or otherwise disposing of the stock in the defendant corporations. The defendant corporations are enjoined from selling, incumbrancing, pledging or otherwise disposing of any of their assets. (*Katzowitz* v. *Sidler,* 150 N. Y. S. 2d 526, affd. 8 A D 2d 726; *Weston* v. *Goldstein,* 26 Misc. 171, 174, affd. 39 App. Div. 661; *Rennis Fabrics Corp.* v. *Millworth Converting Corp.,* 25 Misc 2d 280, 283.) Upon the settlement of the order to be entered hereon, the court will welcome suggestions from the parties with respect to the amount of the bond.

The defendants' jurisdictional objection to the application for the appointment of a receiver *pendente lite* is based upon sections 151 and 162 of the General Corporation Law. Appointment of a temporary receiver, however, is not sought pursuant to article 11 of the General Corporation Law. Accordingly, the court is of the opinion that sections 151 and 162 of that Law are not applicable and that this court has jurisdiction to entertain the plaintiffs' motion for the appointment of a nonstatutory receiver *pendente lite.* (Cf. *United States Trust Co.* v. *New York, West Shore & Buffalo R. R. Co.,* 101 N. Y. 478, 486; *New York Title & Mtge. Co.* v. *Polk Arms,* 262 N. Y. 21, 29.)

The plaintiffs, nevertheless, have not demonstrated the necessity for such an appointment. The defendant corporations apparently are all " going concerns " which are meeting their current obligations. It does not appear that the individual defendant, who is in control of them, is committing any acts which would waste their assets or diminish their value; nor does it appear that he is appropriating any of their assets to his own use. Accordingly, the motion for the appointment of a receiver *pendente lite* is denied, with leave to renew should there be a change in circumstances.