BELLE LAMBERT, Plaintiff, v. ABE LAMBERT, Defendant.

Supreme Court, Special Term, Queens County, June 14, 1962.

*Edward I. Koch* for plaintiff. *Bowe, Dickman & Pliskin* for defendant.

GEORGE P. STIER, J. In an action to compel the defendant to transfer to the plaintiff certain shares of stock and to account for all moneys, stock dividends, income and profits received by the defendant while said shares of stock were in his possession, the plaintiff moves for a temporary injunction restraining the defendant, his attorneys, agents or servants from incumbering or otherwise disposing of the shares of stock which are the subject of this action.

While it may be that the plaintiff would be entitled to a temporary injunction restraining the sale or other disposition of the shares of stock since they are the subject of the action (see *Weston* v. *Goldstein,* 26 Misc. 171, affd. 39 App. Div. 661; see, generally, *Renis Fabrics Corp.* v. *Millworth Converting Corp.,* 25 Misc 2d 280, 283; *Riessen* v. *Kaye,* 4 Misc 2d 371, 374), the defendant has stated that he has turned the stock over to his attorneys, who will keep the stock and/or the moneys realized from their sale, the dividends or other income intact pending the outcome of the litigation.

The court is of the opinion that since fluctuating stock prices may require the sale of the stock held by the defendant from time to time during the pendency of the action in order to protect the investment, and since the defendant has agreed to hold intact the stock or its value, the motion for a temporary injunction is denied. This disposition is without prejudice to a subsequent motion for a temporary injunction in the event the defendant does not preserve the stock or its value as mentioned above.