■ VOLO LOGISTICS LLC et al., Appellants, v VARIG LOGISTICA S.A., Respondent, et al., Defendant. VOLO LOGISTICS LLC, Plaintiff, and CAT AEREA LLC, Respondent, v VARIG LOGISTICA S.A., Appellant, et al., Defendant. [859 NYS2d 127]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 21, 2007, which, to the extent appealed from as limited by the briefs, held in abeyance defendant

Varig Logistica's motion to disqualify plaintiffs' attorneys and referred to a Special Referee the issue of whether it had a prior attorney-client relationship with the attorneys, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered January 29, 2008, which, to the extent appealed from, denied said defendant's motion to dismiss the second cause of action and compel plaintiff CAT Aerea to arbitrate that claim, unanimously reversed, on the law, without costs, and the motion granted.

In this action for breach of a loan agreement representing $29.7 million worth of Brazilian airline financing, even if plaintiff lenders' attorneys did represent both sides in the loan transactions at issue, defendants knew at all times that they represented plaintiffs, did not have a reasonable expectation of confidentiality in their dealings with them, and thus cannot seek their disqualification in litigation over the loan obligations (*Meyers v Lipman*, 284 AD2d 207 [2001]; *see Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143 [1994], *affd* 87 NY2d 826 [1995]). We note that Varig failed to identify any confidential information that might have been divulged to the attorneys (*Saftler v Government Empls. Ins. Co.*, 95 AD2d 54, 58 [1983]; *see also Bank of Tokyo Trust Co. v Urban Food Malls*, 229 AD2d 14, 31 [1996]).

The arbitration clause in the debt assumption agreement by which Varig assumed the borrower's loan obligation, governing "any" dispute "arising out of" said agreement, was broad enough to encompass the claims at issue; additional expansive language was not necessary (*see Louis Dreyfus Negoce S.A. v Blystad Shipping & Trading Inc.*, 252 F3d 218, 225-226 [2d Cir 2001], *cert denied* 534 US 1020 [2001]). Unlike the clearly interrelated agreements here, the agreement containing the arbitration clause in *Renis Fabrics Corp. v Millworth Converting Corp.* (25 Misc 2d 280 [1960]), relied upon by the motion court, did not refer to the prior loan agreement that gave rise to the dispute in that case. Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ. [*See* 2007 NY Slip Op 34140(U).]